T.C. Memo. 2002-312


UNITED STATES TAX COURT



RAYMOND WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent



Docket No. 6240-01L.            Filed December 26, 2002.


     P failed to file returns for 1987 and 1989.  P
received a notice of deficiency for 1987 and 1989.  P
petitioned the Court.  The Court ruled for R, and P
appealed.  The Court of Appeals affirmed our decision.

     R sent a Notice of Intent to Levy and Notice of
Your Right to a Hearing to P for 1987 and 1989.  P
requested a sec. 6330, I.R.C., hearing.  R held a sec.
6330, I.R.C., hearing with P.  R determined that R
could proceed with the proposed levy action.

     <u>Held</u>:  P raised the issue of interest abatement at
the sec. 6330, I.R.C., hearing.  Therefore we have
jurisdiction over this issue.  <u>Katz v. Commissioner</u>,
115 T.C. 329 (2000).

     <u>Held</u>, <u>further</u>, P is not entitled to interest
abatement for amounts greater than those abated or
conceded by R because P failed to file returns for 1987
and 1989 and failed to pay in full the amount of tax he
owed for those years.

Held, further, R's determination to proceed with collection was not an abuse of discretion.

Raymond Wright, pro se.

Marie E. Small, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, Judge:  Pursuant to section 6330(d),[1] petitioner seeks review of respondent's determination to proceed with collection of his 1987 and 1989 tax liabilities.

FINDINGS OF FACT

None of the facts have been stipulated.  At the time he filed the petition, petitioner resided in New York, New York.

Deficiency Proceedings

Petitioner did not file returns for 1987 and 1989.  On October 29, 1993, respondent filed substitute returns for petitioner's 1987 and 1989 tax years.

On September 27, 1995, respondent sent petitioner a notice of deficiency for 1987 and 1989 setting forth deficiencies of $3,777 and $6,500, respectively, and additions to tax pursuant to section 6651(a)(1) of $358 and $1,556, respectively.

On January 2, 1996, petitioner filed a petition with the

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Court in which he disputed that he was liable for self-employment taxes on income he received in 1987 and 1989 and for additions to tax pursuant to section 6651(a)(1) for 1987 and 1989.

On June 24, 1998, the Court issued an opinion and entered a decision in favor of respondent for the amounts set forth in the notice of deficiency.[2]

On November 20, 1998, respondent assessed $3,777 of income tax, a $358 addition to tax pursuant to section 6651(a)(1), and $6,116.44 of statutory interest for 1987. Respondent also assessed $6,500 of income tax, a $1,556 addition to tax pursuant to section 6651(a)(1), and $6,542.53 of statutory interest for 1989.

On May 4, 1999, the U.S. Court of Appeals for the Second Circuit affirmed the Court's decision.

Payments

On June 21, 1994, petitioner mailed respondent a payment of $6,681.22. On June 23, 1994, respondent applied the $6,681.22 payment to petitioner's unassessed liabilities for 1987 and 1989--$1,431 to 1987 and $5,250.22 to 1989.

1993 Refund

On May 1, 1995, respondent sent petitioner a refund check of

---

[2] In our Memorandum Opinion, we found that petitioner did not file returns for 1987 and 1989. Wright v. Commissioner, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999).

$1,046.90 for his 1993 tax year.  The check represented petitioner's refund for 1993 of $971.78 and $75.12 in interest.

Section 6330 Proceedings

On May 10, 2000, respondent sent petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing (levy notice) with respect to petitioner's 1987 and 1989 taxable years.

On June 8, 2000, petitioner filed a Form 12153, Request for a Collection Due Process Hearing for 1987 and 1989 (hearing request).  Petitioner attached a two-page letter to the hearing request explaining his disagreement with the levy notice.  In the two-page letter, petitioner stated, among other things:  (1) That the "IRS inordinately delayed billing me for years, thereby drastically increasing the amount owed", (2) the "IRS sent what it admitted to be a wrong bill" and "then sent an amended bill which was itself apparently wrong", (3) for 10 years "the IRS failed to respond to my timely request for an installment plan", (4) "I experienced a delay of well over 30 days and often months and years to resolve specific issues", (5) "the IRS failed to respond to my request for information about the amount owed, about installment payment procedures, about abatement", and (6) "the IRS made numerous errors and delays".  Petitioner also requested an offer-in-compromise.

On December 20, 2000, Appeals Officer Phyllis Cayenne held a

section 6330 hearing with petitioner. At the hearing, Appeals Officer Cayenne explained the collection alternatives available to petitioner. Petitioner indicated that he wanted respondent to consider an offer-in-compromise. Appeals Officer Cayenne gave petitioner the appropriate forms to file an offer-in-compromise. Petitioner did not submit an offer-in-compromise.

Before issuing the notice of determination, Appeals Officer Cayenne reviewed petitioner's transcript of account for 1993 and determined that respondent had sent petitioner his refund for that year. After the section 6330 hearing, Appeals Officer Cayenne sent petitioner transcripts of his account for 1987 and 1989. Appeals Officer Cayenne also submitted a request for petitioner to be given credit for withholding for 1987 and 1989 that had not been credited to him.

On April 11, 2001, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) for 1987 and 1989 concluding that respondent could proceed with the proposed levy action. The notice of determination stated that the levy should reflect allowance of withholding credits of $2,346 for 1987 and $278 for 1989, and that forms had been forwarded to effect this change.

Withholding Credits and Abatement of Interest

On May 7, 2001, respondent mailed petitioner two notices--

one reflecting changes to his account for 1987 and the other reflecting changes to his account for 1989. The notice for 1987 credited petitioner's account $2,346 for tax withheld and abated $3,260.71 in interest. The notice for 1989 credited petitioner's account $278 for tax withheld.

Unpaid Balance

As of March 11, 2002, petitioner had unpaid income tax liabilities, including penalties and interest, for 1987 and 1989 of $3,213.73 and $9,070.31, respectively.

OPINION

Pursuant to section 6330(c)(2)(A), a taxpayer may raise at the section 6330 hearing any relevant issue with regard to the Commissioner's collection activities, including spousal defenses, challenges to the appropriateness of the Commissioner's intended collection action, and alternative means of collection. Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, 114 T.C. 176, 180 (2000). If a taxpayer received a statutory notice of deficiency for the years in issue or had the opportunity to litigate the underlying tax liability, the taxpayer is precluded from challenging the existence or amount of the underlying tax liability. Sec. 6330(c)(2)(B); Sego v. Commissioner, supra at 610-611; Goza v. Commissioner, supra at 182-183. Additionally, a taxpayer is precluded from relitigating issues raised and considered in any previous Appeals hearing or any other

administrative or judicial proceeding in which the taxpayer meaningfully participated. Sec. 6330(c)(4); <u>Katz v. Commissioner</u>, 115 T.C. 329, 339 (2000).

Petitioner received a notice of deficiency for 1987 and 1989, and he litigated the underlying tax liability in this Court. <u>Wright v. Commissioner</u>, T.C. Memo. 1998-224, affd. without published opinion 173 F.3d 848 (2d Cir. 1999). Accordingly, petitioner cannot contest the underlying tax liability for 1987 and 1989.[3] Sec. 6330(c)(2)(B); <u>Katz v. Commissioner</u>, <u>supra</u> at 339-340; <u>Sego v. Commissioner</u>, <u>supra</u> at 610-611; <u>Goza v. Commissioner</u>, <u>supra</u> at 182-183. Where the validity of the underlying tax liability is not properly in issue, we review the Commissioner's determination for an abuse of discretion. <u>Sego v. Commissioner</u>, <u>supra</u> at 610.

<u>Did Petitioner Raise Interest Abatement at the Section 6330 Hearing?</u>

The parties disagree on whether petitioner raised the issue of interest abatement at the section 6330 hearing. Petitioner argues that he raised the issue of interest abatement in his request for a hearing and at the section 6330 hearing. Respondent contends that he did not.

If, as part of a section 6330 proceeding, a taxpayer makes a

---

[3] The doctrine of res judicata also precludes relitigation of the issues decided in petitioner's underlying tax case. <u>Katz v. Commissioner</u>, 115 T.C. 329, 240, n.16 (2000).

request for abatement of interest, we have jurisdiction over the request for abatement of interest that is the subject of the Commissioner's collection activities.  Katz v. Commissioner, supra at 340-341.  Generally, the Court considers only arguments, issues, and other matters that were raised by the taxpayer at the section 6330 hearing or otherwise brought to the attention of the Appeals Office.  Magana v. Commissioner, 118 T.C. 488, 493 (2002); Miller v. Commissioner, 115 T.C. 582, 589 n.2 (2000); Sego v. Commissioner, supra at 612.

Petitioner's hearing request is peppered with references to Internal Revenue Service (IRS) errors and delays, including the IRS's failure to respond to petitioner, and it specifically mentions abatement.  Petitioner's testimony made it clear to the Court that he raised the issue of interest abatement any time he was in contact with respondent.[4]

Furthermore, Appeals Officer Cayenne testified that she recalled petitioner's mentioning at the section 6330 hearing an 18-month delay, various other errors and delays by respondent, and delays by the Appeals officer assigned to petitioner's

---

[4]  We also note that in the underlying tax case petitioner raised the issue of interest abatement as to his 1987 and 1989 tax years, but the Court concluded that petitioner's request for abatement of interest was premature--at that time there was neither an assessment of such interest nor a final determination by respondent not to abate interest.  Wright v. Commissioner, supra.

deficiency case. She also stated that it was possible that petitioner raised the issue of interest abatement at the section 6330 hearing.

We conclude that petitioner raised the issue of interest abatement at the section 6330 hearing.

B.   Is Petitioner Entitled to Interest Abatement?

Section 6404(e)(1) provides, in pertinent part, that the Commissioner may abate the assessment of interest on any deficiency if the interest is attributable to any error or delay by an officer or employee of the IRS (acting in his official capacity) in performing a ministerial act.[5]  Woodral v. Commissioner, 112 T.C. 19, 24-25 (1999). A ministerial act means a procedural or mechanical act that does not involve the exercise of judgment. Lee v. Commissioner, 113 T.C. 145 (1999); Donovan v. Commissioner, T.C. Memo. 2000-220.

This Court may order abatement where the Commissioner abuses his discretion by failing to abate interest. Sec. 6404(h)(1). In order to prevail, a taxpayer must prove that the Commissioner

---

[5]  In 1996, sec. 6404(e) was amended under sec. 301 of the Taxpayer Bill of Rights 2, Pub. L. 104-168, 110 Stat. 1452, 1457 (1996), to permit the Commissioner to abate interest with respect to an "unreasonable" error or delay resulting from "managerial" and ministerial acts. The new provision applies to interest accruing with respect to deficiencies or payments for tax years beginning after July 30, 1996; therefore, it is not applicable to the case at bar. Woodral v. Commissioner, 112 T.C. 19, 25 n.8 (1999).

exercised this discretion arbitrarily, capriciously, or without sound basis in fact or law. Woodral v. Commissioner, supra at 23.

Congress intended for the Commissioner to abate interest where the failure to abate interest would be perceived as grossly unfair. Lee v. Commissioner, supra at 149. Congress, however, did not intend for abatement to be used routinely to avoid the payment of interest. Id.

An error or delay is taken into account only (1) if no significant aspect of the error or delay can be attributed to the taxpayer and (2) after the IRS has contacted the taxpayer in writing with respect to the deficiency or payment. Sec. 6404(e)(1); Lee v. Commissioner, supra at 149.

Petitioner's complaint essentially is that because respondent failed to restore his withholding credits totaling $2,624 until 2001, if he had paid his tax liability for 1987 and 1989 before 2001 he would have paid the wrong amount. Petitioner's argument has no merit.

Even though respondent did not give petitioner credit for his withholdings until 2001, this delay did not prevent petitioner from filing tax returns for 1987 and 1989. In fact, respondent mailed petitioner seven taxpayer delinquency notices informing him that he had not filed his 1987 or 1989 tax return.

If petitioner had filed returns for 1987 and 1989,

respondent would then have been able to assess the taxes petitioner owed. Sec. 6201(a)(1). Petitioner did not file returns for those years; therefore, respondent was forced to issue a notice of deficiency for 1987 and 1989. Secs. 6211-6213. The conference committee report for the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2085, states in pertinent part as follows: "if a taxpayer files a return but does not pay the taxes due, this provision would not permit abatement of this interest regardless of how long the IRS took to contact the taxpayer and request payment." Downing v. Commissioner, 118 T.C. 22, 30-31 (2002); H. Conf. Rept. 99-841 (Vol. II), at II-811 (1986), 1986-3 C.B. (Vol. 4) 1, 811. It follows that if a taxpayer fails to file a return and fails to pay the tax he owes, section 6404(e) does not apply to the interest that accrues on the unpaid tax before the Commissioner contacts the taxpayer in writing with respect to the tax.

Respondent could not send petitioner a bill until after respondent assessed the taxes for 1987 and 1989. Secs. 6213, 6303(a). In this case, petitioner's returns for 1987 and 1989 were due on April 15, 1988, and April 16, 1990, respectively. Secs. 6072(a), 7503. Petitioner failed to file these returns.

On September 27, 1995, pursuant to sections 6213(a) and

6501(c)(3),[6] respondent issued a notice of deficiency to petitioner. Petitioner then chose to petition the Court regarding his underlying tax liabilities and to appeal the Court's decision.

On September 18, 1998, petitioner filed a notice of appeal in the underlying tax case. Petitioner, however, did not post a bond to stay assessment and collection as required by section 7485. Therefore, the earliest respondent could have assessed petitioner's taxes for 1987 and 1989 was on September 19, 1998-- the day after the notice of appeal was filed.[7] Secs. 6213(a), 7481(a), 7483, 7485(a); Barnes Theater Ticket Serv., Inc. v. Commissioner, 50 T.C. 28, 29 (1968).

The record shows that on November 20, 1998, respondent assessed the taxes, additions to tax, and interest for 1987 and 1989. That same day, respondent issued to petitioner a statutory notice of balance due. On February 8, 1999, respondent issued to

---

[6] Pursuant to sec. 6501(c)(3), in the case of failure to file a return, the tax may be assessed, or a proceeding in court for the collection of such tax may be begun without assessment, at any time.

[7] If a taxpayer files a notice of appeal from a Tax Court decision, assessment and collection of the deficiency are not stayed unless the taxpayer posts a bond secured by the guaranty of an approved surety company or furnishes other satisfactory collateral. Sec. 7485(a); Barnes Theater Ticket Serv., Inc. v. Commissioner, 50 T.C. 28, 29 (1968).

petitioner a notice of balance due, and on March 15, 1999, respondent issued to petitioner a statutory notice of intent to levy.

Any "delay" in sending petitioner a final bill for his 1987 and 1989 tax years was attributable to petitioner's failure to file tax returns for those years. Additionally, the mere passage of time in the litigation phase of a tax dispute does not establish error or delay by the Commissioner in performing a ministerial act. Lee v. Commissioner, 113 T.C. at 150.

While at one point petitioner's account may not have been credited with his $6,681.22 payment or his withholding credits totaling $2,624, as of the date of trial, his account was credited with those amounts.[8] Furthermore, the evidence established that petitioner's 1993 refund was mailed to him. Therefore, petitioner's 1993 refund could not be applied against his outstanding liabilities for 1987 and 1989, as he argues.

Additionally, on May 7, 2001, respondent abated $3,260 in interest associated with 1987 for the $2,346 credit for tax withheld. Furthermore, respondent concedes that the interest associated with the $278 withholding credit for 1989 should be abated.[9]

---

[8] Petitioner admits that he has received credit for his withholding for 1987 and 1989.

[9] As of the time of trial, respondent had not abated this
(continued...)

The evidence does not establish that petitioner is entitled to abatement of interest in amounts greater than those abated or conceded by respondent. We conclude that respondent did not abuse his discretion in not abating interest for 1987 or 1989 for any amounts greater than those he abated or conceded.

C.    Remaining Section 6330 Issues

Petitioner stated that he wanted to make an offer-in-compromise at the section 6330 hearing; however, petitioner did not follow through. Appeals Officer Cayenne gave petitioner the appropriate forms to file an offer-in-compromise, but petitioner did not submit an offer-in-compromise.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4).

Accordingly, we conclude that respondent's determination to proceed with collection with respect to petitioner's 1987 and 1989 tax years was not an abuse of discretion.

No motions remain outstanding. In reaching all of our

---

[9](...continued)
interest. In his reply brief, respondent proffered that as of the date of the filing of his reply brief, respondent had abated the interest associated with petitioner's withholding credit for 1989. The record does not contain evidence that the aforementioned interest has been abated; therefore, we will incorporate respondent's concession of this issue into our decision.

holdings herein, we have considered all arguments made by the parties, and to the extent not mentioned above, we conclude they are irrelevant or without merit.

To reflect the foregoing,

<u>An appropriate decision will be entered</u>.