T.C. Memo. 2006-273

UNITED STATES TAX COURT

RAYMOND WRIGHT, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent<sup>*</sup>

Docket No. 6240-01L.          Filed December 26, 2006.

Raymond Wright, pro se.

<u>Patricia A. Riegger</u>, for respondent.


SUPPLEMENTAL MEMORANDUM OPINION

VASQUEZ, <u>Judge</u>:  This case is before the Court on remand
from the U.S. Court of Appeals for the Second Circuit for further
consideration consistent with its opinion in <u>Wright v.
Commissioner</u>, 381 F.3d 41, 46-47 (2d Cir. 2004), vacating and

_____

        *  This opinion supplements <u>Wright v. Commissioner</u>, T.C.
Memo. 2002-312, vacated and remanded 381 F.3d 41 (2d Cir. 2004).

remanding T.C. Memo. 2002-312. Unless otherwise indicated, all section references are to the Internal Revenue Code, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Background

On March 27, 2003, in response to a payoff figure that respondent gave him for his 1987 and 1989 tax liabilities, petitioner made a voluntary payment of $15,550. Respondent applied $3,625 to petitioner's 1987 tax liability. This satisfied petitioner's 1987 tax liability in full.

In Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006), we held that in section 6330 proceedings when the tax liability for a particular year has been paid in full, we lack jurisdiction to determine whether an overpayment exists or to order a refund or credit for that year and we must dismiss that year as moot. Petitioner's case is before the Court pursuant to our section 6330 jurisdiction--it is not before the Court pursuant to our section 6404 jurisdiction. See id. at 12-13. The parties do not dispute that petitioner's 1987 tax liability has been paid in full. Accordingly, we shall dismiss the 1987 year as moot. See id.

Respondent applied the balance of the $15,550 March 27, 2003, payment to petitioner's 1989 tax year. Respondent alleges that after applying the remaining $11,925 to petitioner's 1989

tax year there remained a balance due of $1,659.38 which consisted solely of interest.

Although the March 27, 2003, payment was made during the pendency of petitioner's appeal, apparently neither party brought this payment (or the satisfaction of petitioner's 1987 tax year) to the attention of the Court of Appeals, nor does it appear that the Court of Appeals took it into account. Furthermore, the satisfaction of petitioner's 1987 tax year was not brought to the Court's attention until after the second trial of this case in 2006.

On October 13, 2004, the Court of Appeals issued its mandate vacating and remanding the decision of this Court. In remanding this case to this Court for further proceedings, the Court of Appeals ordered that such a proceeding should be confined to consideration of the following issues (the four issues): (a) Whether petitioner's 1993 tax refund was sent to him by the Internal Revenue Service (IRS) in 1994; (b) if not, whether petitioner timely received notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies; (c) if not, whether petitioner's current tax liability should be consequently adjusted by, inter alia, an abatement of interest

pursuant to section 6404(e); and (d) in any case, whether the current interest abatement that petitioner had already received was correct in the light of (1) the IRS's failure to give petitioner the appropriate withholding credits for 1987 and 1989, and (2) his June 21, 1994, payment of $6,681.22.

On October 19, 2004, the Court ordered the parties to file, on or before November 2, 2004, written status reports in which the parties were to advise the Court of their positions regarding the appropriate means for this Court to implement the mandate of the Court of Appeals. On November 2, 2004, respondent filed his status report, and on November 5, 2004, petitioner filed his status report (with a service date of November 2, 2004). In his November 2004 status report, respondent stated that he was awaiting detailed transcripts of petitioner's tax accounts to address the four issues as outlined in the mandate of the Court of Appeals.

On February 2, 2005, the Court again ordered the parties to file, on or before February 16, 2005, written status reports in which the parties were to advise the Court of their positions regarding the appropriate means for this Court to implement the mandate of the Court of Appeals. On February 15, 2005, respondent filed his status report, and on February 18, 2005, petitioner filed his status report (with a service date of February 16, 2005).

In his February 2005 status report, respondent stated that (1) he had forwarded to petitioner copies of petitioner's transcripts of accounts which addressed the four issues as outlined in the mandate of the Court of Appeals, (2) he had asked petitioner to contact him as soon as possible to discuss the same, (3) petitioner had not contacted respondent, and (4) respondent was preparing computations pursuant to Rule 155 for petitioner to review.

In his February 2005 status report, petitioner (1) alleged that inappropriate ex parte communications had taken place between the Court and respondent, (2) complained about the date petitioner's November 2004 status report was filed, (3) alleged that the Court of Appeals made conclusions regarding the four issues outlined in its mandate rather than remanding the four issues for further proceedings, and (4) stated that he received on February 4, 2005, copies of his transcripts of accounts that respondent had forwarded to him.

Despite being ordered by the Court twice to advise the Court of their positions regarding the appropriate means for this Court to implement the mandate of the Court of Appeals, neither party advised the Court what further proceedings he believed were necessary to implement the mandate of the Court of Appeals.

From the submitted status reports, it appeared to the Court that in order to implement the mandate of the Court of Appeals a

trial with the presentation of testimonial and documentary evidence might be required. Accordingly, on March 30, 2005, upon due consideration of and in order to implement the mandate of the Court of Appeals, which remanded this case to this Court for further proceedings, and for cause the Court ordered: (A) The parties to file status reports outlining proposed schedules for the preparation of this case for trial in order to advise the Court regarding the appropriate means for this Court to implement the mandate of the Court of Appeals; (B) that the proposed schedules shall include dates for: (1) Filing any dispositive motions on any issue; (2) completing of all discovery requests and requests for admissions taking into account the scope of the requests and the responses required, and to permit timely responses to be served and, if required, filed; (3) filing all motions to compel stipulation; (4) filing all motions to compel discovery; (5) filing any motions with respect to the conduct of the trial; (6) filing motions in limine; (7) exchanging by the parties initial listings of transcripts, stipulations, and documents that they would like considered by the Court during remand proceedings; (8) providing the Court complete identification of the parts of the record (transcripts, stipulations of fact, and documents) that have previously been marked as part of the record in this case that the parties would like to be considered during remand proceedings; and (9) filing

and completion of any other matters required to prepare for trial; (C) that the parties advise the Court whether they believed that a trial of this case will be necessary, that the case may be disposed of by a motion for summary judgment, or that the case may be submitted fully stipulated pursuant to Rule 122; (D) that respondent's and petitioner's status reports shall be limited to discussing their proposed schedules for the preparation for trial of this case and advising the Court whether they believe that a trial of this case will be necessary, that the case may be disposed of by a motion for summary judgment, or that the case may be submitted fully stipulated pursuant to Rule 122 in order for this Court to implement the mandate of the Court of Appeals; and (E) that the status report shall not include any arguments addressing the merits of four issues remanded to this Court for further proceedings.  Respondent's status report was due on or before April 18, 2005.  Petitioner's status report was due on or before May 9, 2005.

On April 19, 2005, respondent filed his status report with the Court.  On May 13, 2005, petitioner filed his status report with the Court.  Petitioner and respondent agreed that further trial was not necessary and that this case could be disposed of by a motion for summary judgment.  The parties advised the Court that they each would file a motion for summary judgment by June 3, 2005.

On May 26, 2005, the Court ordered the parties to file any motions for summary judgment on or before June 17, 2005.

On June 17, 2005, respondent filed a motion for summary judgment, an affidavit in support of respondent's motion for summary judgment from Marie E. Small, and a declaration of Jeanne Moisa, court witness coordinator, in support of respondent's motion for summary judgment, with attached Exhibit A, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 1990, 1991, 1992, 1993, and 1994 tax years, and Exhibit B, Certificate of Assessments, Payments, and Other Specified Matters, for petitioner's 1987, 1988, and 1989 years. That same day, petitioner filed a motion to submit case under Rule 122.

On June 27, 2005, petitioner filed a motion for summary judgment with attached exhibits (transcripts and a letter).

On September 19, 2005, the Court denied respondent's above-referenced motion for summary judgment, petitioner's above-referenced motion for summary judgment, and petitioner's above-referenced motion to submit case under Rule 122.

On October 28, 2005, petitioner filed a motion for reconsideration of the Court's September 19, 2005, order denying his motions for summary judgment and to submit the case without trial under Rule 122.

On November 7, 2005, the Court denied this motion. We stated: (1) That at some time it might have been possible for the parties to settle this matter after an informal meeting and exchange of information, see Branerton Corp. v. Commissioner, 61 T.C. 691 (1974); (2) that it also might have been possible for the parties to submit pursuant to Rule 122 the evidence necessary to allow the Court to implement the mandate of the Court of Appeals; and (3) that although the Court gave the parties ample opportunity to resolve this case without additional trial, from the motions and status reports submitted by the parties it was evident to the Court that in order to implement the mandate of the Court of Appeals a trial with the presentation of testimonial and documentary evidence would be required.

Additionally, the Court ordered petitioner and respondent to present at the trial testimonial and documentary evidence to establish: (1) Whether the IRS sent petitioner his 1993 tax refund in 1994; (2) if not, whether petitioner timely received notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies; (3) if not, whether petitioner's current tax liability should be consequently adjusted by an abatement of interest pursuant to section 6404(e); (4) whether the current interest abatement that petitioner had already received was correct in the light of (a) the IRS's failure to give petitioner the appropriate withholding credits for 1987 and

1989, and (b) petitioner's June 21, 1994, payment of $6,681.22; and (5) how respondent computed the interest for the years in issue.

Furthermore, the Court ordered the case set for further trial at a special session of the Court that was to commence on January 26, 2006, and advised the parties that the Court would not be inclined to grant any continuances in this case. Additionally, the Court ordered the parties to identify the parts of the record (transcripts, stipulations of fact, and documents) that previously had been marked as part of the record in this case and that the parties would like to be considered during remand proceedings. The Court also ordered that the evidence and argument presented in all subsequent filings with the Court and at the trial that was to be held during the January 26, 2006, special session should be confined to the four issues as outlined in the mandate of the Court of Appeals.

On December 6, 2005, despite the Court's statement in the November 7, 2005, order that we would not be inclined to grant any continuances in this case, respondent filed a motion for continuance of trial.

On January 5, 2006, after giving petitioner the opportunity to file an objection (which he filed on January 3, 2006), we denied respondent's motion for continuance of trial.

On January 26, 2006, petitioner filed a motion to sanction respondent's counsel, a motion to strike, and a motion to require respondent to file motion to withdraw or substitution of counsel.

On January 26, 27, and 30, 2006, the Court conducted further trial of the case.

On January 30, 2006, petitioner filed a motion for mistrial or, in the alternative, to enforce Court Rules on withdrawal and substitution of counsel, and other remedies. The Court took this motion and the three motions petitioner filed on January 26, 2006, under advisement.

On May 1, 2006, respondent filed his opening brief, and on May 3, 2006, petitioner filed his opening brief. On June 15, 2006, respondent filed his reply brief, and on June 19, 2006, petitioner filed his reply brief.

On August 9, 2006, on account of our ongoing review of this case, we ordered respondent to file, on August 28, 2006, a status report stating (and containing documentation to support) whether petitioner's 1989 liability had been fully paid as of that date and, if not, the amount of petitioner's outstanding balance for 1989 as of that date. Furthermore, we ordered petitioner to file, on or before September 8, 2006, a reply to respondent's status report stating whether petitioner agreed with respondent's status report or, if petitioner disagreed with respondent's status report, stating (and containing documentation to support)

whether his 1989 liability had been fully paid as of August 28, 2006, and, if not, the amount of his outstanding balance for 1989 as of that date.

In his August 28, 2006, status report, respondent stated: (1) That petitioner's balance due for 1989 as of August 28, 2006, was $1,659.38; (2) that petitioner had paid his tax and additions to tax for 1989 in full and that the balance due was interest; (3) on March 27, 2003, petitioner paid $11,925 towards his 1989 tax year on the basis of an IRS employee's misstatement that this amount would pay his balance in full; (4) the payment, however, resulted in a credit balance of $24.03 being reflected on petitioner's 1989 account; (5) petitioner's 1989 account balance, however, mistakenly did not include $442.63 of interest due (in addition to the $11,925) as of March 27, 2003; (6) respondent admitted that pursuant to section 301.6404-2(c), Example (11), Proced. & Admin. Regs., quoting petitioner an incorrect balance due was a ministerial error; (7) on September 14, 2005, respondent issued petitioner an erroneous refund of $1,240.78 for 1989; and (8) on September 14, 2005, petitioner's 1989 account reflected a balance due of $90.

Discussion

The extended proceedings of this case recounted supra have brought to light the numerous misstatements and errors made by

respondent through the handling of petitioner's 1987 and 1989 tax years.

For example, respondent represented to the Court that as of the date of the filing of his reply brief following the trial of this case in 2002 respondent had abated the interest associated with petitioner's withholding credit for 1989. Wright v. Commissioner, T.C. Memo. 2002-312 n.9. On the basis of respondent's proffer, we stated: "The record does not contain evidence that the aforementioned interest has been abated; therefore, we will incorporate respondent's concession of this issue into our decision." Id. Respondent's proffer to the Court, however, was a misstatement. As the Court of Appeals stated:

> We also observe that Wright was entitled to receive an additional interest abatement based on the IRS's failure to give him a proper withholding credit of $278.00 in 1989. The Tax Court's decision stated that the IRS had represented that statutory interest related to this withholding credit would be abated. Wright II, 2002 Tax Ct. Memo LEXIS 332 at *16 n. 9, 2002 WL 31875118. Although the IRS assures us that an interest abatement has been credited to Wright for this 1989 withholding credit, it has made no effort either to substantiate this claim in the appellate record or even to describe the amount of the abatement. [Wright v. Commissioner, 381 F.3d at 46 n.2.]

During the appeal and remand, respondent and respondent's witnesses recounted numerous errors regarding the handling of petitioner's 1987 and 1989 tax years--and oftentimes neither respondent nor the witness could account for how those errors

occurred.[1]  As recently as his August 28, 2006, status report,
respondent essentially admitted that the IRS made mistakes
regarding the computation of petitioner's interest, including,
but not limited to, quoting petitioner an incorrect payoff figure
and sending petitioner an allegedly "erroneous" refund on account
of respondent's erroneous calculations and a keystroke error by
an IRS employee.

Another example is contained in respondent's opening brief
and his August 28, 2006, status report.  In his opening brief,
respondent alleged that as of January 24, 2006, the amount of

---

[1]  The Court of Appeals stated:

the IRS seemed equally unsure about several basic and
crucial facts.  The parties' confusion is
understandable; the relevant timeline and tax amounts
have been reconstructed using photocopied forms,
computer screen printouts, and dot-matrix printouts of
tax account balances.  Many of these records have no
supporting explanation (and therefore are inscrutable
to any non-employee of the IRS), many are from time
periods that are not the same, and even the documents
that are from similar time periods often contain
amounts that are inexplicably contradictory.

                 *   *   *   *   *   *   *

This "21-R" report is a computer screen printout of
approximately twenty lines of abbreviations,
alphanumeric codes, dates, and digits that are
indecipherable to us without additional explanation. *
* *  [Wright v. Commissioner, 381 F.3d 41, 44, 45 (2d
Cir. 2004), vacating and remanding T.C. Memo. 2002-
312.]

The Court of Appeals also noted that it had "doubts inspired by
the IRS's past calculation errors against Wright's account".  Id.
at 45.

interest systematically and manually assessed for 1989 on petitioner's tax account, after an alleged abatement of interest, was $8,144.50. In his August 28, 2006, status report, respondent alleged that as of that date the outstanding balance due (i.e., interest due) on petitioner's 1989 tax account was $1,659.38.

Petitioner's testimony (at both trials) was credible. He consistently testified and averred that he did not receive his 1993 refund. Respondent contended, however, that petitioner received his 1993 refund in 1995. The documentary and testimonial evidence respondent offered was contradictory, contained numerous errors, and lacked credibility. Furthermore, this contention is a concession by respondent that petitioner was correct and that respondent did not send the 1993 refund to petitioner in 1994.

Accordingly, with regard to the first question posed by the Court of Appeals--whether the IRS sent petitioner his 1993 tax refund in 1994--we conclude that it did not. Furthermore, we conclude that respondent never sent petitioner his refund for 1993.

In his June 17, 2005, motion for summary judgment, respondent did not answer the second and third questions posed by the Court of Appeals--if not, whether petitioner timely received notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies; and if not, whether petitioner's

current tax liability should be consequently adjusted by, inter alia, an abatement of interest pursuant to section 6404(e).

With regard to the second question posed by the Court of Appeals--if not, whether petitioner timely received notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies--we conclude, on the basis of petitioner's credible evidence, respondent's admissions, and the lack of credibility of the documentary and testimonial evidence respondent offered--which was contradictory and contained numerous errors--that petitioner did not receive notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies.

With regard to the third question posed by the Court of Appeals--if not, whether petitioner's current tax liability should be consequently adjusted by, inter alia, an abatement of interest pursuant to section 6404(e)--we conclude, on the basis of petitioner's credible evidence, respondent's admissions, and the lack of credibility of the documentary and testimonial evidence respondent offered--which was contradictory and contained numerous errors--that petitioner's current tax liability should be adjusted by abating the interest for 1989 pursuant to section 6404(e).

Since 1992, petitioner has repeatedly asked respondent for a payoff figure so that he could pay the liabilities at issue in

full.  When he received a payoff figure from respondent, he paid that amount.  In his August 28, 2006, status report, respondent admitted that on March 27, 2003, petitioner was quoted an incorrect payoff figure and this was a ministerial error pursuant to the regulations.  See also Krugman v. Commissioner, 112 T.C. 230 (1999); Douponce v. Commissioner, T.C. Memo. 1999-398.  Accordingly, we conclude that for 1989 interest from March 27, 2003, to the present shall be abated.  We note, however, that we lack jurisdiction to determine whether an overpayment exists or to order a refund or credit for 1989 to the extent that the amount of the abatement of interest exceeds the amount remaining unpaid for 1989.  See Greene-Thapedi v. Commissioner, 126 T.C. 1 (2006).

With regard to the fourth question posed by the Court of Appeals--in any case, whether the current interest abatement that petitioner had already received was correct in light of (1) the IRS's failure to give petitioner the appropriate withholding credits for 1987 and 1989, and (2) his June 21, 1994, payment of $6,681.22--on the basis of petitioner's credible evidence, respondent's admissions, and the lack of credibility of the documentary and testimonial evidence offered by respondent, which was contradictory and contained numerous errors, that respondent has failed to establish that the current interest abatement is correct.

As a final matter, we shall deny petitioner's outstanding motions.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.