07-1462-ag
Wright v. Commissioner of Internal Revenue

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2008

(Argued: December 2, 2008        Decided: July 7, 2009)

Docket No. 07-1462-ag

- - - - - - - - - - - - - - - - - - - -x

Raymond Wright,

            Plaintiff-Appellant,

        - v.-

Commissioner of Internal Revenue,

            Defendant-Appellee.

- - - - - - - - - - - - - - - - - - - -x

    Before:        JACOBS, Chief Judge, McLaughlin and B.D.
                   Parker, Circuit Judges.

    Raymond Wright appeals from a judgment of the United States Tax Court insofar as the Tax Court dismissed, on jurisdictional and mootness grounds, Wright's suit challenging a tax collection action arising from his failure to file tax returns in 1987 and 1989.  Wright argues that the Tax Court erred in declining to exercise jurisdiction over his request for an abatement of interest and a refund

of any resulting overpayment.  We conclude that the Tax Court had jurisdiction to determine whether the pro se plaintiff was entitled to an abatement of interest and to a refund resulting from any consequent overpayment.  Vacated and remanded.

RAYMOND WRIGHT, pro se, New York, N.Y.

Sara An Ketchum, Esq., on submission, Joan I. Oppenheimer, Esq., United States Department of Justice, Tax Division, on the brief, for Richard T. Morrison, Acting Assistant Attorney General for the United States, for Appellee.

DENNIS JACOBS, Chief Judge:

This is the third appeal to consider the baffling ramifications of Raymond Wright's failure to file tax returns in 1987 and 1989.  See Wright v. Comm'r, 381 F.3d 41 (2d Cir. 2004); Wright v. Comm'r, 173 F.3d 848 (2d Cir. 1999) (Table).  Wright, who has appeared pro se throughout this litigation, has been trying to balance the books on his tax obligations, without much help from the Internal Revenue Service ("IRS").  Most recently, the United States Tax Court (Vasquez, J.) entered a judgment treating as moot Wright's challenge to the assessment of his 1987 taxes, enjoining the

IRS from collecting Wright's 1989 taxes, but declining for lack of jurisdiction to determine whether Wright has overpaid his 1989 taxes. On appeal, Wright argues that the various payments he has made (including payments on the 1987 taxes) constitute overpayment for which he seeks a refund. For the following reasons, we vacate the judgment of the Tax Court insofar as it treated as moot Wright's challenge to the assessment of his 1987 taxes and declined to exercise jurisdiction over Wright's abatement and overpayment claims, and we remand for yet further proceedings.

**BACKGROUND**

The facts are set out at length in our 2004 opinion. The (highly compressed) facts bearing on this current appeal are as follows.

Wright did not file returns for the years 1987 and 1989. The IRS began sending him delinquency notices as early as 1989. In 1992, Wright asked the IRS to file "substitute returns" on his behalf for 1987 and 1989, and it did so in October 1993. In November 1993 the IRS audited Wright and charged him with deficiencies of $3,777.00 (plus interest and late penalties) for 1987 and $6,500.00 (plus

interest and late penalties) for 1989.  In May 1994, Wright filed a tax return for the year 1993 and requested a refund. When the IRS reminded Wright that he still owed taxes for 1987 and 1989, Wright directed the IRS by letter to apply his refund of $1,046.90 (representing an overpayment of $971.78 and interest of $75.12) to the deficiencies found for 1987 and 1989.  The IRS did not accede to that request. Instead, the IRS withheld his refund without applying it to the 1987 and 1989 deficiencies (which continued to accrue penalties and interest on the books of the IRS), and without advising Wright what it was doing.

On June 21, 1994, Wright paid the IRS $6,681.22, which was applied pro rata to Wright's outstanding tax liabilities for 1987 and 1989.  Wright v. Comm'r, 84 T.C.M. (CCH) 675, 676 (2002).

After receiving a notice of deficiency in May 1995, Wright initiated a series of proceedings in which he asserted a variety of procedural and constitutional claims. Wright v. Comm'r, 75 T.C.M. (CCH) 2536, 2536 (1998).  All of Wright's claims were held to be without merit, and a panel of this Court affirmed in an unpublished order.  Wright, 173 F.3d at *1.

4

By May 2000, the books of the IRS reflected a total unpaid balance for 1987 and 1989 so big and so long delinquent that the IRS sent Wright a Notice of Intent to Levy for unpaid taxes. Wright, 84 T.C.M. at 676. Wright sought a pre-levy hearing pursuant to 26 U.S.C. § 6330 based on a variety of alleged errors and abuses. He met with an appeals officer in December 2000, and his outstanding balance was reduced to correct the IRS's failure to give him withholding credits of $2,346.00 in 1987 and $287.00 in 1989. Id. at 676-77. In May, 2001, the IRS abated $3,260.71 in statutory interest that had allegedly accrued on the 1987 deficiency. Id. at 677.

In April 2001 the IRS informed Wright that it would proceed with a levy action against him. Wright appealed the levy action pro se in Tax Court, "petitioning for an abatement of interest on grounds of IRS error and delay." Wright's appeal expressed (understandable) confusion as to the amounts levied against him by the IRS for the years 1987 and 1989, and claimed that he was entitled to additional interest abatement by reason of cascading errors he alleged the IRS had made--including its handling of his 1993 refund and its alleged failure to credit his withholding credits

5

from 1987 and 1989.

The Tax Court rejected all of Wright's arguments, finding that Wright's 1993 refund had in fact been mailed to him, and concluding therefore that Wright's "1993 refund could not be applied against his outstanding liabilities for 1987 and 1989" and did not entitle him to additional interest abatement. Wright, 84 T.C.M. at 679. The Tax Court also ruled that, because Wright failed to file returns or pay taxes in 1987 and 1989, he was precluded from any additional interest abatement other than that he had already received for his missing withholding credits. Id.

We vacated that ruling on appeal, seeing no evidence that the IRS had sent Wright his 1993 refund, and observing that Wright's tax liability for 1987 and 1989 may have been completely satisfied by the refund along with Wright's other payments and credits. Wright, 381 F.3d at 45-46. We remanded to the Tax Court to determine

> (i) whether Wright's 1993 tax refund was sent to him by the IRS in 1994, (ii) if not, whether Wright received timely notice from the IRS that his refund had not been applied to his 1987 and 1989 tax deficiencies, (iii) if not, whether his current tax liability should be consequently adjusted by, inter alia, an abatement of interest pursuant to 26 U.S.C. § 6404(e), and (iv) in any case, whether the current interest abatement that Wright has already received was correct in light

6

> of (a) the IRS's failure to give Wright appropriate withholding credits for 1987 and 1989, and (b) Wright's June 21, 1994 payment of $6,681.22.

Id. at 46.

During the pendency of that appeal, Wright made a payment of $15,550 to the IRS. On remand, the Tax Court determined that the agency had applied $3,625 of the $15,000 payment to Wright's 1987 tax liability, thereby satisfying the 1987 liability. Wright v. Comm'r, 92 T.C.M. (CCH) 525, 526 (2006). The claims regarding 1987 were held to be moot. Id. The Tax Court also determined that the agency had applied the remaining $11,925 to Wright's 1989 tax liability. Id. According to the IRS, this left a balance of $1,659.38 due in interest charges. Id.

The Tax Court then proceeded to trial on the issues we had identified. See id. at 527-28. Citing "numerous misstatements and errors made by [the IRS] through the handling of [Wright's] 1987 and 1989" taxes, id. at 528, the Tax Court found that (i) Wright's 1993 tax refund was *not* sent to him by the IRS in 1994; (ii) the IRS failed to notify Wright that his refund was never applied to his 1987 and 1989 tax deficiencies; (iii) Wright's tax liability should be adjusted by an abatement of interest pursuant to

7

Internal Revenue Code § 6404(e); and (iv) the interest abatement that Wright had previously received was incorrect. Id. at *6.  On the basis of these findings, the Tax Court ruled that the IRS "may not proceed with the collection activities for 1989." Wright v. Comm'r, No. 6240-01L (U.S. Tax Ct. Dec. 26, 2008) (Order and Decision); see Wright, 92 T.C.M. at 529.  However, the Tax Court ruled that it lacked jurisdiction to determine the proper abatement amount or to order a refund for any resulting overpayment of Wright's 1989 taxes.  Wright, 92 T.C.M. at 529.

Wright timely appealed the Tax Court's decision.

**DISCUSSION**

"We review the legal conclusions of the tax court de novo and its factual findings under the clearly erroneous standard.  Mixed questions of law and fact, entailing the application of a legal standard to a given factual pattern, are [also] reviewed under the clearly erroneous standard." Merrill Lynch & Co. v. Comm'r, 386 F.3d 464, 469 (2d Cir. 2004) (internal quotation marks and citations omitted) (citing Bausch & Lomb Inc. v. Comm'r, 933 F.2d 1084, 1088 (2d Cir. 1991)).  In reviewing a decision of the Tax Court,

8

we "lack[] jurisdiction to decide an issue that was not the subject of the Tax Court proceeding or to grant relief that is beyond the powers of the Tax Court itself." Comm'r v. McCoy, 484 U.S. 3, 6 (1987).

"This court construes appellate briefs submitted by pro se litigants liberally and reads such submissions to raise the strongest possible arguments they suggest." Ortiz v. McBride, 323 F.3d 191, 194 (2d Cir. 2003). Under this standard, we construe Wright's brief on appeal to make two arguments: the Tax Court erred by [i] declining to exercise jurisdiction to determine whether an overpayment exists or to order a refund or credit with regard to either his 1987 or his 1989 tax liability, and [ii] denying his motion seeking recusal of Judge Vasquez.

**I**

"[T]he Tax Court is a court of limited jurisdiction that possesses only those powers expressly conferred upon it by Congress; it may exercise jurisdiction only pursuant to specific legislative enactments." Maier v. Comm'r, 360 F.3d 361, 363 (2d Cir. 2004). "The Tax Court's interpretation of federal statutes, including statutes delimiting the scope of

9

its own jurisdiction, [is] reviewed de novo." Id.

In this case, the Tax Court determined under Internal Revenue Code ("I.R.C.") § 6330 that Wright's $15,500 payment fully satisfied his 1987 tax liability (including interest and penalties) and satisfied all the tax due on his 1989 tax liability (though not all of the outstanding interest). Wright, 92 T.C.M. at 526. It has not been determined whether, all things considered, Wright has paid more than the sum of his properly-assessed taxes, penalties, and interest. But the Tax Court ruled that it "lack[ed] jurisdiction to determine whether an overpayment exists or to order a refund or credit" for either tax year. Id. at 599.

The I.R.C. vests the Tax Court with jurisdiction "to determine whether the Secretary's failure to abate interest . . . was an abuse of discretion, and [to] order an abatement, if such action is brought within 180 days after the date of the mailing of the Secretary's final determination not to abate such interest." I.R.C. § 6404(h)(1). The Code further empowers the Tax Court to determine an overpayment and order a refund in the same circumstances. I.R.C. § 6404(h)(2)(B) (incorporating I.R.C.

10

§ 6512(b)).

The Court declined to exercise that grant of jurisdiction on the ground that Wright's action challenged a "Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330," and was therefore brought pursuant to § 6330 and not pursuant to § 6404. Wright, 92 T.C.M. at 526, 529 (citing Green-Thapedi v. Comm'r, 126 T.C. 1 (2006)). This was error.

Wright adequately raised the issue of abatement of interest during the § 6330 hearing at the agency. See Wright, 84 T.C.M. at 677. Since Wright properly raised the issue at the agency, it follows that the subsequent Notice of Determination--which did not grant Wright an abatement-- was "the Secretary's final determination not to abate . . . interest" under § 6404(h)(1). And because Wright appealed the Notice of Determination to the Tax Court within the time period required by § 6404(h)(1), the Tax Court had jurisdiction to determine whether Wright was entitled to an abatement, and if he was, whether he made an overpayment and is entitled to a refund. Such a determination was within the broad parameters of our previous mandate, which directed the Tax Court to determine whether Wright's "current tax

11

liability should . . . be adjusted by, inter alia, an abatement of interest." Wright, 381 F.3d at 46. The phrase "inter alia" contemplated a final sorting out.

Insofar as the Tax Court based its jurisdictional decision on Wright's failure to style his petition an action under § 6404, this too was error. "All pleadings shall be so construed as to do substantial justice." Tax Court Rule 31(d). "While petitioners in [the Tax] Court are expected to follow the letter of [the] Court's Rules, it is within the Court's discretion to construe pleadings (particularly in the case of a petitioner filing a petition pro se) so as to do substantial justice." Swope v. Comm'r, T.C. Memo. 1990-82, 1990 WL 14571 n.6 (Tax Ct. Feb. 21, 1990). Given that Wright's petition specifically sought "to have the IRS abate interest," failure to construe his pro se petition to state a claim under § 6404 constituted an abuse of discretion. And because the Tax Court had jurisdiction to determine overpayment and to order a refund, its dismissal of Wright's challenge to his 1987 taxes on mootness grounds was also incorrect. See Wright, 92 T.C.M. at 526. That is because the payment that mooted the IRS's claim for payment did not moot Wright's claim of over-payment.

## II

Wright moved for the recusal of the Tax Court judge, and the Tax Court denied the motion. Wright argues that recusal was required under 28 U.S.C. § 455 because the judge had denied various pre-trial motions, and because the same judge was assigned to the case following remand.

There is some question as to whether the judges of the Tax Court are subject to the mandatory recusal provisions in 28 U.S.C. § 455. See Nobles v. Comm'r, 105 F.3d 436, 438 (9th Cir. 1997) ("[N]o authority exists in statute or rule for ordering the recusal of a tax court judge in the first place" because Tax Court judges serve for only fifteen-year terms and therefore are not "judges" for purposes of § 455). At least as to district court judges, recusal motions are committed to the court's "sound discretion," and "this Court will reverse a decision denying such a motion only for abuse of discretion." LoCascio v. United States, 473 F.3d 493, 495 (2d Cir. 2007). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." Id. (internal quotation marks omitted). Moreover, "[i]t has long been regarded as normal and proper for a judge to sit in the same case upon its remand." Liteky v. United States,

13

510 U.S. 540, 551 (1994). There was therefore no abuse of discretion in the Tax Court's denial of the recusal motion (even assuming that Tax Court judges are subject to the mandatory removal requirement of § 455).

**CONCLUSION**

The judgment of the Tax Court is vacated insofar as it [i] held that Wright's challenge to the assessment of his 1987 taxes was moot and [ii] declined to exercise jurisdiction under I.R.C. § 6404(h), and this case is remanded to the Tax Court to determine Wright's entitlement to an abatement and any resulting overpayment and refund.

14