09-1029-ag
Carione v. Commissioner of Internal Revenue

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1. IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)." A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/). IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the seventeenth day of December, two thousand nine.

PRESENT: DENNIS JACOBS,
                   **Chief Judge**,
      DEBRA ANN LIVINGSTON,
                   **Circuit Judge**,
      JED S. RAKOFF,[*]
                   **District Judge**.

_____

- - - - - - - - - - - - - - - - - - -X

Joseph Carione,

     **Petitioner-Appellant**,

     **v.**                             **09-1029-ag**

Commissioner of Internal Revenue,

---

[*] Jed S. Rakoff, District Judge, United States District Court for the Southern District of New York, sitting by designation.

**Respondent-Appellee**.

- - - - - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          James O. Druker, Kase & Druker,
                        Garden City, NY.
                        Paula Schwartz Fromme, of counsel.

FOR APPELLEE:           Andrew M. Weiner, Andrea R. Tebbets,
                        Tax Division, Department of Justice,
                        Washington, DC.

Appeal from a judgment of the United States Tax Court (Swift, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the Tax Court is **AFFIRMED.**

Petitioner, Joseph Carione, appeals from an order of deficiency entered February 27, 2009 in the United States Tax Court (Swift, J.). Following Carione's indictment for various violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., Carione's business, Grand Carting Inc. ("Grand Carting") (also indicted), was restrained in anticipation of forfeiture. While under indictment, Carione sold Grand Carting (with approval of the court and the government), and the proceeds were placed in escrow. The defendants ultimately pleaded guilty, and the escrowed proceeds were applied toward a

-2-

forfeiture judgment entered with their convictions. Thereafter, Carione received a notice of deficiency from the IRS stating that he owed taxes for tax-year 2000 on the capital-gain proceeds from Grand Carting's sale. Upon Carione's redetermination petition, the Tax Court confirmed the deficiency, in the amount of $88,914. We otherwise assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. "'We review the legal conclusions of the tax court de novo[,] and its factual findings [and law applications] under the clearly erroneous standard.'" Wright v. Comm'r, 571 F.3d 215, 219 (2d Cir. 2009) (quoting Merrill Lynch & Co. v. Comm'r, 386 F.3d 464, 469 (2d Cir. 2004)).

Carione contends principally that capital-gain proceeds from Grand Carting's sale were not includible in his gross income. We disagree. For the following reason, application of the escrowed sale proceeds toward satisfaction of the forfeiture judgment constituted income to Grand Carting, and to Carione as sole shareholder.

The proceeds of Grand Carting's sale were applied (by way of an escrow account) toward satisfaction of the

corporation's forfeiture liability. This constituted income to Grand Carting, see Old Colony Trust Co. v. Comm'r, 279 U.S. 716, 729 (1929), and "gross income," 26 U.S.C. § 63(a), to the extent it was "gain," 26 U.S.C. § 1001(a). During all relevant times, Carione was the sole shareholder of Grand Carting, an S corporation. Gross income to Grand Carting therefore also constituted gross income to Carione. See 26 U.S.C. § 1366(c).

Carione argues that any gains from the Grand Carting sale did not constitute income to him because he never exercised dominion or control over the sale proceeds. But his argument confuses *whether* the gains constituted income to him with *when* that income was taxable--i.e., when the income was realized. It is true that income is generally not taxable if the taxpayer has no dominion or control over the proceeds--for example, where (as here) the proceeds are held in escrow. Comm'r v. Indianapolis Power & Light Co., 493 U.S. 203, 209 (1990); Ware v. Comm'r, 906 F.2d 62, 65 (2d Cir. 1990). But the principle is one of deferment, not of exemption. In any event, "[w]here the taxpayer does not receive payment of income in money or property"--for

example, where (as here) income comprises satisfaction of a personal debt--that income is taxable "when the last step is taken by which he obtains the fruition of the economic gain which has already accrued to him." Helvering v. Horst, 311 U.S. 112, 115 (1940). Grand Carting "obtained the fruition of the economic gain . . . already accrued," and thus realized income, when the sale proceeds were applied toward satisfaction of its forfeiture liability.[1]

Carione further argues that satisfaction of the forfeiture judgment did not constitute income to him because he was not personally liable on the judgment. Even assuming that Carione's characterization of his forfeiture liability is accurate, it is beside the point: Satisfaction of Grand Carting's forfeiture liability was taxable to Carione, as Grand Carting's sole shareholder, by operation of the pass-through provision of 26 U.S.C. § 1366(c). In any event, it cannot be said that Carione enjoyed no benefit personally from the forfeiture. The assets were sold prior to negotiation of a plea agreement by which Carione was

---

[1]Carione does not dispute that, if he realized income from Grand Carting's sale, he realized that income in tax-year 2000.

-5-

subjected to no further forfeiture. Thus (again, assuming Carione's characterization of his forfeiture liability is accurate) the government agreed to exempt Carione from personal liability knowing the amount of escrowed proceeds available to satisfy the forfeiture judgment.

Additionally, Carione contends that the government is precluded from asserting now its claim for tax-year 2000 by operation of Rule 13(a) of the Federal Rules of Civil Procedure (the compulsory counterclaim rule), because the claim should have been asserted in an earlier refund suit. Carione previously sued in the United States District Court for the Eastern District of New York for a refund of taxes he paid for tax-year 1998 on the capital-gain proceeds from Grand Carting's sale. We note that whether Rule 13(a) applies in taxpayer refund suits is an open question in this circuit. Nevertheless, we decline to address it because the government's tax-year-2000 claim--not asserted in the tax-year-1998 refund suit--would not be barred even if we held that Rule 13(a) does apply. See Comm'r v. Sunnen, 333 U.S. 591, 598 (1948) ("[I]f the later proceeding is concerned with a similar or unlike claim relating to a different tax

year, the prior judgment acts as a collateral estoppel only as to those matters in the second proceeding which were actually presented and determined in the first suit.").

We have considered Carione's remaining arguments, and find them to be without merit. For the foregoing reasons, the judgment of the Tax Court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By: _____