15-2920-cv
Guo v. Independent Chinese Pen Center Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of September, two thousand sixteen.

PRESENT: REENA RAGGI,
DENNY CHIN,
CHRISTOPHER F. DRONEY,
*Circuit Judges.*

------------------------------------------------------------------

ZHI GUO, AKA Han Gao,
*Plaintiff-Counter-Defendant-Appellant*,

v.                                                          No. 15-2920-cv

INDEPENDENT CHINESE PEN CENTER INC., XIAOBO LIU, in his individual and official capacity, TIENCHI MARTIN LIAO, in her individual and official capacity, JIE YU, in his individual and official capacity, YU ZHANG, in his individual and official capacity,
*Defendants-Appellees*,

GUANGZHAO ZHENG, in his individual and official capacity, AKA Yi Zheng,
*Defendant-Counter-Claimant-Appellee*,

NATIONAL ENDOWMENT FOR DEMOCRACY, JOSEPH COOPER, JR., in his individual and official

capacity, LOUISA GREVE, CARL GERSHMAN, in his individual and official capacity,

        *Defendants*.[*]

-------------------------------------------------------------------

APPEARING FOR APPELLANT:        ZHI GUO, *pro se*, East Elmhurst, New York.

FOR APPELLEES:        Aaron Lebenger, Esq., Flushing, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Analisa Torres, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on August 14, 2015, is AFFIRMED.

Plaintiff Zhi Guo appeals <u>pro se</u>[1] from the dismissal of his due process and First Amendment claims under 42 U.S.C. § 1983 against the Independent Chinese Pen Center Inc. ("ICPC") and several of its members in connection with the termination of Guo's ICPC membership.[2] We review a judgment of dismissal <u>de novo</u>, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's

---

[*] The Clerk of Court is directed to amend the caption as set forth above.

[1] Plaintiff has represented himself <u>pro se</u> throughout motion practice and appellate litigation, but the operative complaint bears a lawyer's signature. Accordingly, we construe his briefs liberally, <u>see</u> <u>Wright v. C.I.R.</u>, 571 F.3d 215, 219 (2d Cir. 2009), although we need not extend the same liberal construction to his counseled pleading, <u>see</u> <u>Hill v. Curcione</u>, 657 F.3d 116, 122 (2d Cir. 2011).

[2] Guo also sued the National Endowment for Democracy ("NED") and several of its members. He does not challenge the district court's dismissal of his claims against these defendants. Thus, we do not discuss those claims further. <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d 88, 92–93 (2d Cir. 1995) (explaining that <u>pro se</u> appellant abandons issues not raised in appellate brief).

favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013). In so doing, we assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"To state a claim under § 1983, a plaintiff must allege that defendants violated plaintiff's federal rights while acting under color of state law." McGugan v. Aldana-Bernier, 752 F.3d 224, 229 (2d Cir. 2014). For purposes of § 1983, a private entity acts under color of state law if (1) "the State compelled the conduct," (2) "there is a sufficiently close nexus between the State and the private conduct," or (3) "the private conduct consisted of activity that has traditionally been the exclusive prerogative of the State." Id. (internal quotation marks omitted). "The fundamental question . . . is whether the private entity's challenged actions are fairly attributable to the state." Id. (internal quotation marks omitted).

Here, Guo failed to allege facts satisfying any of the three standards for "fairly attribut[ing]" private action to the state. Guo's allegations that ICPC (through NED) received federal funds and was the subject of federal oversight are insufficient for two reasons. First, the federal government is not a state actor for purposes of § 1983. See United States v. Acosta, 502 F.3d 54, 60 (2d Cir. 2007) (explaining that § 1983 "does not apply to allegedly unlawful acts of federal officers").

Second, even if we were to construe Guo's complaint to plead an implied action pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403

3

U.S. 388, 391–97 (1971), "a predominance of public funding" alone is insufficient to demonstrate that the funded private entity is acting under color of law.  <u>Horvath v. Westport Library Ass'n</u>, 362 F.3d 147, 152 (2d Cir. 2004).[3]

We have considered Guo's remaining arguments and conclude that they are without merit.   Accordingly, we AFFIRM the judgment of the district court.

                                    FOR THE COURT:
                                    CATHERINE O'HAGAN WOLFE, Clerk of Court

---

[3] The district court, declining to exercise supplemental jurisdiction, dismissed Guo's state-law conversion claim.  Guo does not challenge this dismissal on appeal, and so we need not consider his state-law claim here.  <u>See</u> <u>LoSacco v. City of Middletown</u>, 71 F.3d at 92–93.  In any event, we identify no abuse of discretion by the district court in its dismissal.  <u>See</u> <u>Kolari v. New York-Presbyterian Hosp.</u>, 455 F.3d 118, 122 (2d Cir. 2006) (explaining that district court decision to exercise supplemental jurisdiction is discretionary and therefore reviewed for abuse of discretion).