T.C. Memo. 2008-291

UNITED STATES TAX COURT

GALEN K. AND KATHERINE J. HEICHEL, ET AL.,[1] Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 13504-05L, 13505-05L,    Filed December 22, 2008.
              13534-05L.

Galen K. and Katherine J. Heichel, pro sese.

<u>Fred E. Green, Jr.</u>, for respondent.


MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  In these consolidated cases, petitioners

challenge respondent's proposed levies under section 6330

_____

    [1] Cases of the following petitioners are consolidated
herewith:  Galen K. and Katherine J. Heichel, docket No. 13505-
05L; and Galen K. Heichel, docket No. 13534-05L.

relating to petitioners' outstanding Federal income taxes for 1999, 2000, 2001, and 2002.

Petitioners argue that respondent abused his discretion in refusing to credit $41,137 tax overpayments for 1986 through 1998 (non-CDP years) against petitioners' $29,203 outstanding Federal income taxes for 1999, 2000, 2001, and 2002 (CDP years). Respondent argues that the $41,137 tax overpayments for the non-CDP years are barred by the refund period of limitations under section 6511 and are not available for credit against petitioners' $29,203 outstanding taxes for the CDP years.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

The facts in this case have been fully stipulated. At the time the petition was filed, petitioners resided in Minnesota.

For many years, although some Federal income taxes were withheld from petitioners' wages, petitioners did not file Federal income tax returns. For 1986 through 2001, respondent prepared substitute individual Federal income tax returns for petitioners, mailed to petitioners timely notices of deficiency, and made timely deficiency assessments against petitioners.

During 1994 through 2004, as a result of levies on petitioners' wages, respondent received funds on petitioners' behalf and credited the funds against the outstanding Federal

income taxes respondent had assessed against petitioners for 1986 through 2001.

On May 17, 2004, petitioners untimely filed with respondent joint Federal income tax returns for 1986 through 2002. Respondent accepted these tax returns as correct, and respondent made adjustments to petitioners' tax accounts for each year consistent with the taxes reported on petitioners' late-filed Federal income tax returns.

In view of the above adjustments respondent made to petitioners' tax accounts, the funds respondent previously had received and credited against petitioners' adjusted Federal income taxes resulted in overpayments for a number of the non-CDP years. Respondent credited the overpayments for the non-CDP years which respondent concluded were allowable under the section 6511 refund period of limitations to other tax periods of petitioners.

Petitioners' total $41,137 overpayments, however, for the non-CDP years which respondent concluded were not allowable under the section 6511 refund period of limitations were transferred to an excess collections account. The $41,137 overpayments consisted solely of funds respondent had received on petitioners' account before May 17, 2001.

Also, after the above adjustments, petitioners still owed $29,203 in Federal income taxes for the CDP years. On August 7,

2004, with respect to 1999, on September 30, 2004, with respect to 2000 and 2001, and on January 27, 2005, with respect to 2002, respondent mailed to petitioners notices of intent to levy for the $29,203 petitioners owed for the CDP years. Petitioners timely requested an Appeals Office collection hearing under section 6330 relating to respondent's proposed levies.

At the Appeals Office hearing petitioners raised an issue as to the appropriateness of the proposed levies in light of the alternative or substitute assets that petitioners believed should be available (namely, the $41,137 overpayments relating to the non-CDP years). See sec. 6330(c)(2)(A)(ii) and (iii).

Because respondent received the $41,137 more than 3 years before May 17, 2004, the date petitioners filed their Federal income tax returns for the non-CDP years, respondent's Appeals Office concluded that the $41,137 was not available for refund or credit against petitioners' outstanding taxes for the CDP years. Respondent's Appeals Office issued notices of determination to petitioners sustaining the proposed levies for the CDP years.

## Discussion

Petitioners argue that for purposes of the refund period of limitations under section 6511 the $41,137 non-CDP-year overpayments should not be treated as "payments of tax" until May 17, 2004, the day on which petitioners acknowledged their Federal income tax liabilities via the late filing of their 1986

through 2002 Federal income tax returns and therefore that the $41,137 should be refundable under section 6511 and available to pay off petitioners' outstanding $29,203 Federal income taxes for the CDP years.

Section 6511 contains detailed limitations on the allowance of credits and refunds generally.  Section 6511(a) sets out the time periods for filing a claim for credit or refund of overpayments.  Section 6511(b)(2) limits the amount of tax to be refunded to two so-called look-back periods:  (1) For claims filed within 3 years of filing a return, the refund is generally limited to the portion of the tax paid within the 3 years immediately before the claim was filed; (2) for claims not filed within 3 years of filing the return, the refund is generally limited to the portion of the tax paid during the 2 years immediately before the claim was filed.  See Commissioner v. Lundy, 516 U.S. 235, 240 (1996).

Petitioners argue that under Risman v. Commissioner, 100 T.C. 191 (1993), a remittance of funds by a taxpayer to respondent will not be treated as a payment of tax subject to the refund period of limitations until the taxpayer intends that the remittance satisfies what the taxpayer acknowledges is an existing tax liability.  As stated, petitioners argue that the

$41,137 should be treated as paid no earlier than May 17, 2004, when petitioners acknowledged their tax liabilities by the late filing of their Federal income tax returns.

We disagree. A taxpayer does not control the treatment and application of funds remitted to respondent involuntarily. Rather, respondent is permitted to treat funds involuntarily remitted as a payment of taxes and to apply the funds to any tax liability respondent sees fit. Slodov v. United States, 436 U.S. 238, 252 n.15 (1978).

Accordingly, funds remitted to respondent involuntarily by way of levy on petitioners' wages and applied by respondent to petitioners' outstanding tax liabilities are treated as taxes paid by the taxpayer on the date of respondent's levy. Risman v. Commissioner, supra, does not hold to the contrary. As respondent explains on brief: "The levied payments applied to the non-CDP years * * * were confiscated to satisfy properly assessed tax liabilities. The tax liabilities for each of the non-CDP years had been assessed prior to receipt of the levy payments. The levied payments were received to satisfy an existing tax liability." See also Baral v. United States, 528 U.S. 431 (2000).

Respondent received petitioners' non-CDP-year $41,137 overpayments by levy before May 17, 2001, and accordingly refunds

were, at the time petitioners filed their tax returns on May 17, 2004, barred by the period of limitations under section 6511.

All other issues petitioners raised have been considered and are rejected. We conclude that respondent's Appeals Office committed no error in sustaining respondent's proposed levies.[2]

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>for respondent</u>.

---

[2] It is unclear whether respondent herein still raises an issue as to the applicability to the facts of this case of our holding in <u>Greene-Thapedi v. Commissioner</u>, 126 T.C. 1 (2006), to the effect that we do not have jurisdiction in collection cases under secs. 6320 and 6330 to determine and order overpayments to taxpayers once respondent's proposed collection action has been conceded or found to be moot. Respondent cites <u>Greene-Thapedi</u> in his opening brief but not in his reply brief. In any event, <u>Greene-Thapedi</u> is distinguishable in that in the instant case respondent's proposed levy action is not moot. Respondent still seeks to collect from petitioners by levy $29,203, and petitioners are not asking us to determine an overpayment or to order a refund. Rather, as explained, petitioners are asking us to apply $41,137 overpayments to their $29,203 outstanding tax liabilities in lieu of approving respondent's levies on petitioners' other property. This case simply involves petitioners' contention under sec. 6330(c)(2)(A)(ii) and (iii) that alternative or substitute assets are available to respondent that obviate the need for additional levies and that respondent's proposed levies therefore are not appropriate. See <u>Greene-Thapedi</u>, <u>supra</u> at 11 n.19.