T.C. Memo. 2009-299


UNITED STATES TAX COURT


FREDERICK PATMON, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14986-08.                    Filed December 22, 2009.


Frederick Patmon, pro se.

<u>Debra A. Bowe</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COHEN, <u>Judge</u>:  Respondent determined a deficiency of $6,104
in petitioner's Federal income tax for 2003 and additions to tax
under sections 6651(a)(1) and (2) and 6654(a).  The notice of
deficiency was based on third-party reporting of income paid to
petitioner.  After the notice of deficiency was sent, petitioner
submitted a Form 1040, U.S. Individual Income Tax Return, for

2003. Thereafter respondent moved to amend the answer, alleging a corrected tax liability of $24,114 and commensurate increased additions to tax based on admissions of income on the Form 1040 that petitioner submitted. Respondent's motion was granted on June 2, 2009, before the first trial date discussed below.

Because of petitioner's repeated failures to appear for trial, to produce substantiation of deductions claimed on his belated Form 1040, or to produce evidence related to other issues, this case is presently before the Court on respondent's motion to dismiss for failure properly to prosecute. All section references are to the Internal Revenue Code in effect for 2003. Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in Michigan at all material times. For many years before 2003, he practiced law in Detroit. He appeared in this Court on behalf of himself and other taxpayers and is familiar with the procedural requirements of this Court.

The notice of deficiency was sent on March 17, 2008, based on third-party reporting of petitioner's income and a substitute for return prepared under section 6020(b). The petition was filed on June 18, 2008, alleging that petitioner had filed his 2003 Form 1040 on June 16, 2008. The petition further alleged that the notice of deficiency was arbitrary and erroneous for not

allowing the "Schedule C Business Net Loss" reflected on petitioner's belated Form 1040.

The belated Form 1040 petitioner submitted for 2003 reported on the attached Schedule C, Profit or Loss From Business, gross receipts of $71,008. He claimed total expenses of $99,100, including $87,100 of "other expenses" that he did not identify. Petitioner appended to the $87,100 item a statement in which he "objects to the question or furnishing the information on the grounds of the Fifth Amendment privilege against self-incrimination". Petitioner also reported $12,392 in Social Security benefits but did not include any portion of those benefits in taxable income.

At the time that he filed the petition, petitioner requested Los Angeles, California, as the place of trial. By notice served January 22, 2009, the case was set for trial in Los Angeles on June 22, 2009. Attached to the notice setting case for trial was the Court's standing pretrial order. Both the notice setting case for trial and the standing pretrial order warned petitioner of the consequences of failing to appear for trial.

Commencing on April 1, 2009, petitioner sent to respondent and to the Court approximately 20 motions and other filings that contained spurious attacks on respondent's counsel and frivolous and unintelligible arguments that essentially demanded that respondent concede this case. Petitioner has contended, among

other things, that his privacy has been violated as a result of disclosures of his tax information by steps taken in response to his petition. Beginning with the first denial of one of his motions, petitioner has extended his spurious attacks to the Court and its rulings as further described below.

On April 29, 2009, petitioner's first motion to continue trial was filed, requesting a continuance "until in or after the October 2009 Trial Session/Calendar" in Los Angeles. Petitioner contended that illness justified the continuance but that "he will be able and ready to proceed to trial in or after the October 2009 calendared session." Petitioner attempted to submit certain information under seal, refusing to provide relevant information to respondent. Respondent objected to the continuance, describing petitioner's refusal to substantiate Schedule C expenses claimed on his belated Form 1040, to show reasonable cause for his failure to file his 2003 return timely, or to justify his contention that certain pension income he received was not taxable. Petitioner's contentions were addressed in a detailed order dated June 2, 2009, that concluded:

> ORDERED that petitioner's "MOTION TO CONTINUE TRIAL", filed on April 29, 2009, is denied without prejudice to the filing of a future motion if petitioner provides a letter from a licensed medical doctor or other comparable evidence of physical incapacity that the Court finds acceptable and convincing.

On June 15, 2009, petitioner's second motion to continue trial was filed. Again petitioner requested that the trial be continued until in or after the October 2009 Los Angeles session. Petitioner purported to submit medical information "in camera", again attempting unilaterally to have documents submitted to the Court sealed and unavailable to respondent.

The case was called for trial in Los Angeles on June 22, 2009, and recalled on June 29, 2009. There was no appearance by or on behalf of petitioner. Between June 22 and June 29, several attempts to reach petitioner for a conference call with the Court were made, but neither the Court nor respondent's counsel was able to contact petitioner. Respondent's counsel filed a motion to dismiss for lack of prosecution, recounting petitioner's failure to cooperate in preparing the case for trial and his failure to explain his physical condition. The Judge presiding at the June 22 Los Angeles trial session retained jurisdiction of the case and continued it until further order of the Court, and petitioner's second motion for continuance was denied as moot. After consultation with Judges assigned to the October 26, 2009, Los Angeles session and the October 19, 2009, Detroit session about their willingness to have the case added to their pending calendars, the Court issued an order dated July 22, 2009, providing in part as follows:

ORDERED that since petitioner is currently residing in Detroit, Michigan, is undergoing many medical tests and treatments, and his health may not permit the trial of his case in Los Angeles, California, petitioner shall determine if his health will likely permit the trial of his case on October 26, 2009, in Los Angeles, California. If not, on or before August 11, 2009, he shall file (1) a motion to change the place of trial from Los Angeles, California to Detroit, Michigan; and (2) a motion to calendar this case for the October 19, 2009, Detroit, Michigan trial session that also addresses any known health problems that might disrupt a trial scheduled at that time. It is further

ORDERED that if changing petitioner's place of trial from Los Angeles, California to Detroit, Michigan is not agreeable with petitioner, then petitioner shall file a status report with the Court. The status report shall indicate his availability for trial at the October 26, 2009, Los Angeles, California [session]. To the extent reasonably possible, the Court expects petitioner to schedule his medical treatments, tests or procedures around the Court's trial schedule for this case. If petitioner fails to file a motion to change the place of trial as referenced above by August 11, 2009, the Court will calendar this case for the October 26, 2009, Los Angeles, California trial session and will issue a notice of trial in due course. Petitioner is warned that absent good cause, it is very unlikely the Court will grant further continuances of his case or excuse his refusal to accept conference calls, fully participate in the informal discovery and stipulation process, or appear for trial in person or through a designated representative, licensed to practice before this Court. It is further

ORDERED that petitioner shall, on or before August 11, 2009, file any response to the above-referenced motion to dismiss for lack of prosecution.

Petitioner filed a status report and a response to the motion to dismiss for lack of prosecution. Again he asserted that his physical illness prevented him from appearing at trial; but he did not request that the place of trial be changed to

Detroit.  His response to the motion to dismiss again asserted that the determined deficiency was arbitrary and erroneous, made meritless evidentiary objections and irrelevant arguments, attacked respondent's counsel, demanded inappropriate discovery, and failed to present any substantiation of his claimed deductions or to address the income issues in this case.

On August 17, 2009, the pending motion to dismiss was set for hearing in Los Angeles on October 26, 2009.  The same order contained the following:

> ORDERED that if the Court does not grant the above-referenced motion to dismiss for lack of prosecution, this case is set for trial at the trial session beginning October 26, 2009, at the room and address set forth in the previous paragraph.  YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.  YOUR FAILURE TO COOPERATE MAY ALSO RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU.

On August 26, 2009, petitioner filed a document objecting to the proceedings of June 22 and 29 and the order of July 22, 2009, which was filed as petitioner's motion to reconsider.  That document began a series of attacks on the Court and was denied. On August 27, 2009, petitioner filed a document seeking to disqualify respondent's counsel and various other sanctions against respondent.  That document, notwithstanding petitioner's repeated failure to comply with Rule 54(b), was filed as petitioner's motion for sanctions and was denied in an order dated September 1, 2009, containing the following:

It appears from the record in this case that the issues are substantiation of petitioner's claimed Schedule C expenses, reasonable cause for the late filing of his 2003 Federal income tax return, and the taxable portion of petitioner's Social Security benefits. Petitioner's discovery and the pending motion are not reasonably related to securing evidence on those issues, inasmuch as any relevant evidence is in the possession of petitioner and he has the burden of proof on those issues. None of those issues appropriately involves testimony from respondent's counsel. Petitioner's discovery requests and proposed stipulation are essentially demands that respondent concede the case and are frivolous. His complaints about respondent's counsel are therefore irrelevant if not totally groundless.

The record also reflects petitioner's claims of medical issues preventing his appearance at the time the case was initially set for trial. Petitioner's efforts reflected in the pending motions and in prior filings in this case are wasteful diversions. If he has the health, time and energy to produce the volume of filings reflected in the record, he is able to produce documents that substantiate his claimed business deductions. Unless he produces substantiation in accordance with the Court's rules and the Standing Pretrial Order, he risks dismissal of the petition as a result of respondent's motion now set for hearing on October 26, 2009, or decision against him on those issues in accordance with Rules 123 and 149, Tax Court Rules of Practice and Procedure. Petitioner is also reminded of the provisions of Section 6673 with respect to frivolous and groundless claims, maintaining an action primarily for delay, and failure to exhaust administrative remedies. * * *

On August 31 and September 11, petitioner filed two motions under Rule 91(f) seeking to compel stipulations by which respondent would concede the case. On September 2, he filed a motion in limine seeking summary resolution of the case in his favor. On October 7, he filed a motion seeking to disqualify the Judges to whom the June 22 and October 26 Los Angeles trial

sessions had been assigned, making false and scurrilous accusations against those Judges, the Chief Judge who reassigned the case, and staff of the Court.

Petitioner failed to appear for trial in Los Angeles on October 26, 2009, or when the case was recalled on October 29. He has submitted multiple responses to the motion to dismiss, a second motion in limine, and a purported Rule 50 statement "in lieu of attending hearing". His filings attach numerous copies of correspondence in which he threatens respondent's counsel and demands that respondent agree with his contentions and concede the case. Although he has attached copies of some receipts, such as for telephones, postage, and supplies, they are not self-explanatory, could represent personal expenditures as well as business expenditures, and do not in total substantiate the amounts claimed on his belated Form 1040. Although he claims that long-term illness was reasonable cause for late filing of his 2003 return and is an excuse for his failures to appear for trial, he has been able to prepare and submit to respondent and to the Court volumes of material making legalistic arguments and citing legal authorities. His submissions show familiarity with the Court's Rules and procedures, but he has abused those procedures to obstruct orderly and accurate determination of his tax liability for 2003.

OPINION

Notwithstanding the voluminous record, there is no ready explanation of petitioner's choice of Los Angeles for trial of this case. When given the opportunity to have the trial moved to Detroit to avoid the burdens of travel to Los Angeles, petitioner declined. Based on his allegations, petitioner's Detroit area physicians might be witnesses with respect to his claimed reasonable cause for the late filing of his return or with respect to his excuses for failing to appear. By his choice of place of trial, petitioner has created the difficulties of which he now complains. A reasonable inference from the record is that his strategy is to maintain this action for delay rather than to have his 2003 tax liability determined.

Petitioner received multiple express warnings of the consequences of his failure to appear for trial. He has refused to address the income and expense issues and has made uncorroborated assertions about reasons for his failure to timely file his 2003 Federal tax return. Neither respondent nor the Court is required to accept his unilateral assertions, even if he had made them under oath at trial and was thus available for cross-examination. There is no likelihood on this record that petitioner would ever appear for trial or would present relevant evidence necessary to a proper determination of his tax liability if he did appear for trial. We consider respondent's motion

without evidence or a finding as to petitioner's actual ability to appear in Los Angeles on October 26 or 29, 2009. He was not ready for trial regardless of his ability to attend. We conclude that the result would be the same if he had appeared on any of the dates set for trial or on any other date. See Brooks v. Commissioner, 82 T.C. 413, 422-425 (1984), affd. without published opinion 772 F.2d 910 (9th Cir. 1985); see also Rule 149(b).

The notice of determination was based on third-party reporting of income items and was not arbitrary. Because of the admissions in petitioner's belated Form 1040, there is no reasonable dispute as to the income alleged in the amended answer. See sec. 6201(d). Respondent does not have the burden of disproving petitioner's entitlement to deductions. See Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Rockwell v. Commissioner, 512 F.2d 882, 886 (9th Cir. 1975), affg. T.C. Memo. 1972-133. Because of petitioner's failure to substantiate items or to maintain and produce required records, he has not satisfied the requirements for shifting the burden of proof under section 7491(a).

Recognizing the burden of production under section 7491(c) with respect to penalties, respondent attached to the motion a certified transcript of petitioner's account; a certification of the substitute for return prepared under section 6020(b) for

2003; and a certification of lack of a return filed for 2002.
These materials support the additions to tax. See Higbee v.
Commissioner, 116 T.C. 438, 447 (2001); Leggett v. Commissioner,
T.C. Memo. 2006-253.

Many of petitioner's filings relate to his demand that
respondent stipulate away the case and for "discovery". Because
this case has not proceeded to trial, disputes over the
stipulation process are moot. Petitioner, not respondent, has
within his control relevant evidence, and his proposed discovery
was unnecessary and inappropriate. The case may be submitted on
the record of petitioner's admissions, his failure to
substantiate deductions, and his failure to establish reasonable
cause for the failure to file his 2003 return for almost 4 years
after it was due, or the case may in whole or part be dismissed.
See Rule 123(b).

Petitioner alleges, without any factual foundation, that
improper communications occurred between respondent's counsel and
the Court and among Court officers and staff. He includes in his
complaints matters occurring on the record during scheduled and
noticed hearings that he failed to attend. Contrary to
petitioner's claims, there have been no inappropriate ex parte
communications between respondent and the Court; all
communications between respondent's counsel and the Court are
reflected in filed documents or transcripts of the proceedings.

Communications among the Judges and staff of the Court about processing petitioner's submitted documents that do not comply with the Court Rules and about scheduling of trials are not improper in any respect. The Judge to whom the October 26, 2009, Los Angeles calendar was assigned was known well before petitioner's first motion requesting that the case be continued to that calendar and was not "hand picked" for his case, as petitioner alleged. He had the option of trial in Detroit or Los Angeles in October, and he did not request a change of the date or place of trial.

Petitioner's claims of bias and his demands for recusal are not well founded. As the Supreme Court has explained, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." Liteky v. United States, 510 U.S. 540, 555 (1994); United States v. Allen, 587 F.3d 246, 252 (5th Cir. 2009). Adverse rulings of the Court in this case were all responsive to petitioner's filings and not based on any extrajudicial information. In any event, adverse rulings are not indications of bias or grounds for

disqualification of a judge.  See, e.g., <u>United States v.
Conforte</u>, 624 F.2d 869, 882 (9th Cir. 1980); <u>United States v.
Haldeman</u>, 559 F.2d 31, 136 (D.C. Cir. 1976); <u>United States v.
Ming</u>, 466 F.2d 1000, 1002-1004 (7th Cir. 1972).

We have considered petitioner's remaining arguments.  They
are irrelevant or lacking in merit and are not worthy of
response.  On due consideration of the entire record,
respondent's motion to dismiss will be granted, and

<u>An appropriate order of
dismissal and decision will be
entered</u>.