T.C. Memo. 2010-107


UNITED STATES TAX COURT


DAVID H. KINDRED, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 13200-07.                    Filed May 13, 2010.


<u>Robert Alan Jones</u>, for petitioner.

<u>Wesley J. Wong</u>, for respondent.


MEMORANDUM OPINION


COHEN, <u>Judge</u>:  Respondent determined deficiencies of
$912,529 and $1,184,115 in petitioner's Federal income taxes for
2001 and 2002, respectively, and additions to tax under sections
6651(a)(1) and (2) and 6654.  After concessions, the issues for
decision are whether petitioner is liable for the additions to
tax, reduced to reflect the agreement of the parties as to the

correct deficiencies, and whether the Court should conduct a trial to determine whether funds seized in a criminal proceeding should be credited as payments further reducing the additions to tax.

All section references are to the Internal Revenue Code for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

### Background

A stipulation of settled issues filed November 17, 2008, resolved all issues relating to the deficiencies for 2001 and 2002. The remaining issues were submitted fully stipulated under Rule 122 on May 18, 2009. The stipulated facts are incorporated in our findings by this reference. Petitioner resided in Illinois at the time the petition was filed. He failed to file timely returns for 2001 or 2002, failed to make required estimated tax payments, and failed to pay the taxes due for either year. Substitutes for return were prepared under section 6020(b) showing taxes due.

Both stipulations identified the remaining dispute as whether petitioner is liable for the additions to tax. The Court ordered simultaneous briefs to be filed on or before July 17, 2009, and August 31, 2009. Several extensions of the time for filing those briefs were granted because of the pendency of proceedings in a criminal case in the District Court for the

Northern District of Illinois, <u>United States v. Vallone</u>, No. 04-CR-372 (the District Court case). The defendants in the District Court case were convicted of, among other things, mail and wire fraud in connection with their promotion of the Aegis Business Trust System (Aegis). Petitioner was a client of Aegis who transferred money in 2001 to offshore bank accounts controlled by the defendants. The Government froze the offshore accounts in March 2003, and, after the convictions in 2008, the District Court ordered a forfeiture of the accounts.

Petitioner thereafter sought to intervene in that case to claim an interest in the funds seized by the United States in 2003. The District Court held that petitioner had no standing to challenge the forfeiture and was merely an unsecured creditor of the defendants. In seeking extensions of the time to file briefs in this Court, petitioner repeatedly represented that he would likely concede the remaining issues in this case if a motion filed on July 24, 2009, in the District Court case under rule 59(e) of the Federal Rules of Civil Procedure, to alter or amend the judgment against him, is denied. In his motion, petitioner alleges that he did not become aware that his funds were "gone" until late 2005. As of the time that answering briefs were finally filed in March 2010, the District Court had not acted on the motion.

## Discussion

The stipulation of facts establishes that petitioner's returns were not filed timely and that no estimated tax payments were made. Certificates of substitute for return prepared under section 6020(b) for 2001 and 2002 and a certified transcript of petitioner's account for 2000 showing taxes due are in evidence. See Higbee v. Commissioner, 116 T.C. 438, 446 (2001); see also Patmon v. Commissioner, T.C. Memo. 2009-299. There is no evidence in the record that petitioner had reasonable cause for late filing or that an exception to the section 6654 addition to tax for failure to pay estimated taxes applies, and petitioner thus cannot prevail on those issues. See Higbee v. Commissioner, supra at 446. Moreover, petitioner's briefs proposed findings of fact unsupported by and contrary to the record and did not address the merits of the additions to tax. Thus he has conceded the absence of reasonable cause for the late filing of his returns for the years in issue and the absence of an exception to the section 6654 addition to tax.

Relying on two cases decided in collection contexts, Wright v. Commissioner, 571 F.3d 215 (2d Cir. 2009), vacating and remanding T.C. Memo. 2006-273, and Heichel v. Commissioner, T.C. Memo. 2008-291, petitioner seeks to have this Court decide that the seized funds should be applied to reduce his liabilities for the deficiencies as of the date of the seizure and to reduce the

additions to tax to reflect the deemed payments.  He asserts "that this case can no longer be decided on the previous stipulations entered (which still remain in effect) but the interests of justice require a hearing with respect to credits due to the Petitioner Dr. David Kindred for the seizure of his funds."

Respondent argues that this Court has no jurisdiction to adjudicate petitioner's rights in the property forfeited in the unrelated criminal case and, regardless of the outcome of the District Court case, the funds would not be treated as a tax payment by petitioner as of the date the funds were seized.  We agree with respondent.  In any event, we decline to reopen this case to try an issue previously resolved against petitioner in the District Court and apparently still under consideration by that Court.

As has been said frequently and without qualification, the Tax Court is a court of limited jurisdiction, which may be exercised only to the extent expressly authorized by Congress. See, e.g., Greene-Thapedi v. Commissioner, 126 T.C. 1, 6 (2006). In a deficiency case, such as this one, the issues are defined by the statutory notice and the pleadings, here limited to deficiencies and additions to tax for 2001 and 2002.  In collection cases, such as Greene-Thapedi, Wright v. Commissioner, supra, and Heichel v. Commissioner, supra, the scope of our

jurisdiction is defined by section 6330 and the notice of determination.

In a deficiency case, we may determine an overpayment under certain limited circumstances. See sec. 6512(b). In collection cases, whether a liability has been paid is a proper subject for review. See Landry v. Commissioner, 116 T.C. 60, 62 (2001). Petitioner here seeks to invoke the jurisdiction that might be available under section 6330 once collection efforts are undertaken. None of the prerequisites for that jurisdiction are satisfied, however. Thus, the collection cases petitioner relies on do not justify a conclusion that we have jurisdiction in this case to determine that seizure of funds held by third parties in 2003 and forfeited to the United States at a later time should be credited to petitioner's admitted liabilities for 2001 and 2002.

The District Court, which conducted a criminal trial and considered petitioner's claims to the forfeited funds, rejected petitioner's claims. Petitioner is asking this Court to reach a different result, which would require a full trial of his relationship to the defendants in the District Court case. We clearly have no jurisdiction over those defendants and could not reasonably determine petitioner's rights in accounts that the defendants controlled and apparently claimed to own. Petitioner is, in essence, challenging the District Court's order regarding

the funds, the proper venue for which is the District Court.  See
McCorkle v. Commissioner, 124 T.C. 56, 65-66 (2005).

Moreover, there is no merit to petitioner's claims for
credit against his tax liabilities in this factual context.  Even
if petitioner's pending motion in the District Court is granted
and that court finds that petitioner's funds were seized by the
United States, petitioner would not be entitled to credit against
his outstanding tax liabilities for 2001 and 2002 as of the date
of the seizure.  Criminal forfeiture serves a different purpose
from satisfaction of income tax liabilities, and a taxpayer is
not entitled to deduct the seized funds or to offset them against
his tax liabilities.  See, e.g., Ianniello v. Commissioner, 98
T.C. 165, 179-180 (1992); cf. Raulerson v. United States, 786
F.2d 1090, 1092 n.4 (11th Cir. 1986) (Government immune from suit
to force shift of funds from one of its pockets to another).

As of the time in late 2005 that he allegedly became aware
of the seizure, petitioner's liability for the section 6651(a)(1)
and 6654 additions to tax had already accrued, and he had not
made any payments toward his liabilities.  The maximum penalty of
25 percent under section 6651(a)(2) accrued on the passage of 50
months of nonpayment.  The undisputed facts are that petitioner
did not file timely returns or pay the now-conceded deficiencies
at the time that payments were due, and any future payments of
those deficiencies, from recovery of seized funds or otherwise,

will not serve to reduce the additions to tax that have already accrued.

In conclusion, petitioner has presented neither persuasive reason nor authority for this Court to reopen the record and to conduct an evidentiary hearing.  He has abandoned any cognizable challenge to the additions to tax in issue, and they will be sustained.  To reflect the foregoing and the stipulation of settled issues,

<u>Decision will be entered under Rule 155</u>.