08-1889-cv
Miller v. Commissioner of Social Security

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 2nd day of December, two thousand ten.

Present:
>       ROBERT D. SACK,
>       ROBERT A. KATZMANN,
>       GERARD E. LYNCH,
>               *Circuit Judges*.

_____

KEVIN MILLER,

>       *Plaintiff-Appellant*,

>               v.                                              No.  08-1889-cv

COMMISSIONER OF SOCIAL SECURITY,

>       *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          Melvin Bressler, Bressler & Kunze, Rochester, NY

For Defendant-Appellee:          MICHELLE L. CHRIST, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Region II, Office of the General Counsel, Social Security Administration, *on the brief*), *for* William J. Hochul, Jr., United States Attorney for the Western District of New York, Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Kevin Miller appeals from a judgment of the United States District Court for the Western District of New York (Larimer, *J.*) entered March 27, 2008 affirming the determination by an Administrative Law Judge ("ALJ") that Miller, who was a minor at the time his sister filed an application for Supplemental Security Income ("SSI") benefits on his behalf, was not disabled and was therefore ineligible for SSI. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"In reviewing the denial of [Social Security] benefits by the [Commissioner], 'our focus is not so much on the district court's ruling as it is on the administrative ruling.'" *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (alterations in original) (quoting *Schaal v. Apfel*, 134 F.3d 496, 500-01 (2d Cir. 1998)) (internal quotation marks omitted). "It is not our function to determine *de novo* whether [a plaintiff] is disabled . . . ." *Pratts v. Chater*, 94 F.3d 34, 37 (2d Cir. 1996). Instead, "[w]e set aside [an] ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." *Rosa*, 168 F.3d at 77 (alterations in original) (quoting *Balsamo v. Chater*, 142 F.3d 75, 79 (2d Cir. 1998)) (internal quotation marks omitted). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Pratts*, 94 F.3d at 37 (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)) (internal quotation marks omitted). Accordingly, we "may not substitute

[our] own judgment for that of the [Commissioner], even if [we] might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

An individual under the age of 18 is considered to be disabled if he is not engaged in "substantial gainful activity" and has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C). Regulations enacted by the Social Security Administration set forth a three-step analysis for evaluating whether a child's impairment meets this definition of disability:

> First, the ALJ considers whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(b). Second, the ALJ considers whether the child has a "medically determinable impairment that is severe," which is defined as an impairment that causes "more than minimal functional limitations." *Id.* § 416.924(c). Finally, if the ALJ finds a severe impairment, he or she must then consider whether the impairment "medically equals" or, as is most pertinent here, "functionally equals" a disability listed in the regulatory "Listing of Impairments." *Id.* § 416.924(c)-(d).

*Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004). In addition, the regulations provide that in determining whether a child's impairment functionally equals a listed impairment, the ALJ must evaluate the child's functioning across six "domains"; a finding of "extreme" limitation in one domain or of "marked" limitation in two domains satisfies this criterion of functional equivalence. 20 C.F.R. § 416.926a(a).

Here, the ALJ found that Miller had not engaged in substantial gainful activity and that Miller's learning disability and low back pain amounted to a "severe" combination of impairments, but ultimately concluded that Miller was not disabled because his combination of impairments did not meet or medically or functionally equal one of the listed impairments. Miller challenges this

3

last finding primarily on the basis that the ALJ failed to develop the administrative record relating to the effects of Miller's mental impairments and, in particular, failed to order a further psychiatric examination to consider the effects of Miller's Attention Deficit Hyperactivity Disorder ("ADHD") on his functioning. We assume *arguendo* that Miller, who proceeded *pro se* before the ALJ and the district court, did not forfeit these challenges by failing to raise them during the district court proceedings. *Cf. Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) ("[A]t least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review.").

As an initial matter, we find no merit in Miller's contention that the ALJ committed legal error by failing to follow the mandatory "special technique" set forth in 20 C.F.R. § 404.1520a, which, where applicable, requires the ALJ to conduct certain additional evaluations and make corresponding findings and conclusions when considering the severity of a Social Security Disability Insurance ("SSDI") claimant's mental impairments. Here, Miller has applied for SSI (rather than SSDI) benefits, but an analogous regulation governs the application of the "special technique" to claims in the SSI context. *See id.* § 416.920a; *see also Kohler v. Astrue*, 546 F.3d 260, 265 n.4 (2d Cir. 2008). In any event, the cited and pertinent regulations both specify that the "special technique" is confined to the evaluation of "the severity of mental impairments for adults (persons age 18 and over) and in persons under age 18 when Part A of the Listing of Impairments is used." 20 C.F.R. §§ 404.1520a(a), 416.920a(a). Because Miller was under age 18 at the time he applied for SSI benefits and because he does not claim entitlement to disability benefits by reason of an impairment enumerated in Part A of the listings, the ALJ committed no error by evaluating Miller's claim pursuant to 20 C.F.R. § 416.924 *et seq.* instead of applying the "special technique"

4

set forth in sections 404.1520a and 416.920a of that title.

Miller also argues that remand is required because the ALJ failed in other respects to develop the administrative record relating to Miller's mental impairments, and in particular, his ADHD. To be sure, the ALJ "must 'adequately protect a *pro se* claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered' and by 'scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts.'" *Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) (alterations in original) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a complete medical history, the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa*, 168 F.3d at 79 n.5 (internal quotation marks omitted).

Apart from his reliance on the documentation requirements of the inapplicable "special technique" for evaluating adult mental disorders, Miller does not describe with particularity what aspects of the administrative record he believes are lacking. This record contains, among much else, various medical and educational reports bearing upon Miller's learning disability and ADHD, including the results of a triennial psycho-educational re-examination by a school psychologist and a follow-up evaluation by a developmental-behavioral pediatrician who treated Miller's ADHD and learning disability. Furthermore, during the hearing on Miller's disability claim, the ALJ questioned Miller and his mother about Miller's ability to pay attention and concentrate in school, thus eliciting testimony regarding Miller's treatment for ADHD and the various accommodations that his school provided him. Based on these and other documents and testimony, we are satisfied that the ALJ adequately developed the record relating to Miller's mental impairments and ADHD.

5

Finally, after careful consideration, we conclude that substantial evidence supported the ALJ's determination that Miller was not disabled. The ALJ found that Miller had less than marked limitations in the functional domains of acquiring and using information, attending and completing tasks, and health and physical well-being, and that Miller had no limitation in the remaining domains of interacting and relating with others, moving about and manipulating objects, and caring for oneself. *See* 20 C.F.R. § 416.926a(b)(1). As the ALJ acknowledged, some record evidence does indicate that Miller's learning disability, ADHD, back pain, obesity, and headaches caused difficulties with respect to the first three of these domains, but there was still a sound foundation for the ALJ's conclusion that these limitations were not "marked," *i.e.*, that they did not "interfere[] seriously with [Miller's] ability to independently initiate, sustain, or complete activities," *id.* § 416.926a(e)(2).

"When, as here, the evidence of record permits us to glean the rationale of an ALJ's decision, we do not require that he have mentioned every item of testimony presented to him or have explained why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983) (per curiam). The ALJ's decision noted that Miller participated in his high school's football and wrestling teams and maintained an academic average sufficient to do so, and that Miller's consultative teacher reported that Miller had an average attention span when redirected. In addition, the record before the ALJ contained, *inter alia*, a psychological evaluation finding that Miller had average, evenly developed intellectual abilities; a high school transcript indicating that Miller had a cumulative grade point average of 68.39 and that he was on track to graduate in June 2007; an eleventh-grade report card that included comments from his teachers stating that Miller was conscientious and

attentive in class; a report from a developmental-behavioral pediatrician recounting that Miller and his mother were satisfied with the results of the medications prescribed to treat Miller's ADHD; and testimony from Miller that his medications helped him to focus in class, at least for the most part. The ALJ was entitled to credit this evidence over other evidence suggesting that Miller's limitations in these three domains might be more significant, and we find no error in the ALJ's conclusion that none of Miller's limitations in any of the domains was marked or extreme.

Accordingly, for the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

7