15-839-cv
Heagney-O'Hara v. Comm'r of Soc. Sec.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand sixteen.

PRESENT: PIERRE N. LEVAL,
CHRISTOPHER F. DRONEY,
*Circuit Judges*,
PAUL A. ENGELMAYER,
*Judge*.[*]

-----------------------------------------------------------------------

JUDITH ANNE HEAGNEY-O'HARA,

*Petitioner-Appellant*,

v.               No. 15-839-cv

COMMISSIONER OF SOCIAL SECURITY,

*Respondent-Appellee*.

-----------------------------------------------------------------------

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | JUDITH ANNE HEAGNEY-O'HARA, *pro se*, Rochester, NY. |
| FOR RESPONDENT-APPELLEE: | FERGUS KAISER, Special Assistant United States Attorney (Stephen P. Conte, Regional Chief Counsel, Office of the General Counsel, Social Security Administration, *on the brief*), *for* |

-----

[*] Judge Paul A. Engelmayer, of the Southern District of New York, sitting by designation.

William J. Hochul, Jr., United States Attorney, Western District of New York, Buffalo, NY.

Appeal from judgment of the United States District Court for the Western District of New York (Siragusa, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Petitioner-Appellant Judith Anne Heagney-O'Hara, proceeding *pro se*, appeals from the district court's judgment granting a motion on the pleadings in favor of Respondent-Appellee, the Commissioner of Social Security. Heagney-O'Hara seeks disability insurance benefits for the relevant period of March 9, 2001 through March 31, 2003, for injuries sustained from a slip-and-fall accident. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When reviewing disability determinations made by the Commissioner, we conduct a plenary review of the administrative record, *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012), and may only set aside the Commissioner's decision if the factual findings are not supported by substantial evidence or if the decision is based on incorrect legal standards, *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Burgess v. Astrue*, 537 F.3d 117, 127 (2d Cir. 2008) (internal quotation marks and citation omitted).

2

Liberally construing Heagney-O'Hara's submissions on appeal, *see Wright v. C.I.R.*, 571 F.3d 215, 219 (2d Cir. 2009), we read her brief as raising four arguments: 1) the district court misunderstood the relevant time period; 2) the Administrative Law Judge ("ALJ") improperly considered Heagney-O'Hara's decision not to pursue surgery; 3) the ALJ's residual functional capacity ("RFC") determination is not supported by substantial evidence; and 4) the ALJ erred at steps four and five of the five-step sequential evaluation for the adjudication of disability claims, *see* 20 C.F.R. § 404.1520.

1. Relevant Time Period

Heagney-O'Hara asserts that the district court misunderstood the relevant time period, pointing to the court's 1) use of the term "can" instead of "could" when referring to Heagney-O'Hara's ability to perform her past relevant work, and 2) reference to the medical opinion of Dr. Toor, dated February 25, 2011. To the extent that these statements in the district court's opinion reflect a misunderstanding of the relevant time period, such misunderstanding was harmless. The district court properly applied the correct legal standard, concluding that the ALJ's findings were supported by substantial evidence. In doing so, the court carefully reviewed the evidence on which the ALJ relied, including statements by Heagney-O'Hara, Dr. Goldman, Dr. Tesser, Ivy Green, and the vocational expert. Although the court referenced Dr. Toor's 2011 examination, it did so only to note that the examination played no role in the ALJ's analysis. Meanwhile, any inconsistency in verb tense was similarly not meaningful. This argument is therefore meritless.

3

2. Decision Not to Pursue Surgery

Heagney-O'Hara next argues that the ALJ improperly considered her decision not to pursue surgery when making his credibility determination. This argument is likewise meritless.[1] An ALJ is required to consider a variety of factors when assessing a claimant's credibility, including whether the claimant has received treatment, other than medication, to relieve her symptoms. *See* 20 C.F.R. § 404.1529(c)(3)(v). Thus, it was entirely proper for the ALJ to consider Heagney-O'Hara's decision not to pursue surgery when assessing her credibility.

3. RFC Determination

Heagney-O'Hara also contests the ALJ's RFC determination. She asserts that her arm took longer than five months to heal and required ongoing therapy; that Dr. Tesser's medical opinion should have been given greater weight; and that the ALJ erred in discrediting her claim of total disability.

In making an RFC determination, the ALJ must consider all relevant medical and non-medical evidence of record. *See* 20 C.F.R. § 404.1545. Where a claimant's symptoms are not supported by objective medical evidence, they must be analyzed in accordance with several factors, including the claimant's daily activities; duration and

---

[1] We assume, without deciding, that Heagney-O'Hara's failure to raise this argument below did not constitute waiver. *See Miller v. Comm'r of Soc. Sec.*, 409 F. App'x 384, 387 (2d Cir. 2010) (summary order) (assuming *arguendo* that *pro se* claimant did not forfeit arguments by failing to raise them before district court); *cf. Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (observing that, "at least where the claimant is represented by counsel before the district court, the claimant must present the relevant legal arguments in that forum in order to preserve them for appellate review").

frequency of pain; medication; and treatment. *See id.* § 404.1529(c)(3). Medical opinions are weighed according to, *inter alia*, the length, nature, and extent of the treating relationship, if any; the consistency of the opinion with the record as a whole; the physician's specialty; and other relevant factors. *Id.* § 404.1527(c).

Here, the ALJ recognized that Heagney-O'Hara suffered from a restricted range of motion and underwent extensive physical therapy. Nonetheless, the ALJ concluded that her allegation of total disability was not credible based on the fact that she suffered a fracture to her right arm but was left-hand dominant; her treatment was routine and conservative; she admitted that she did not have much trouble using her right hand and could lift a gallon of milk; and her range of motion improved with physical therapy. In so concluding, the ALJ gave little weight to the opinion of Dr. Tesser, finding that, although he was a rheumatologist, he was friends with Heagney-O'Hara and lacked a treating relationship with her. The ALJ also noted that Dr. Tesser failed to describe Heagney-O'Hara's limitations with sufficient specificity. Meanwhile, the ALJ gave great weight to the opinion of Dr. Goldman. Even though Dr. Goldman also lacked a treating relationship with Heagney-O'Hara, his opinion regarding Heagney-O'Hara's healing progress and ability to use her hand was consistent with the objective medical evidence in the record. In light of these findings, we conclude that the ALJ's RFC determination was supported by substantial evidence.

4. Step Four and Step Five Analysis

Finally, Heagney-O'Hara maintains that she was unable to perform either her past relevant work as an administrative assistant, as determined at step four of the evaluation process, or the alternative positions identified by the vocational expert, as determined at step five.

At step four, a claimant bears the burden of showing that she cannot perform her past relevant work. *See Butts v. Barnhart*, 388 F.3d 377, 383 (2d Cir. 2004). Here, Heagney-O'Hara indicated that her past work as an administrative assistant was performed while seated, involved extensive typing, and required frequent lifting of less than ten pounds and occasional lifting of at most twenty pounds. She testified that, although she could not raise her arm, she did not have much problem using her right hand, could button her blouse and drive her car, and was capable of lifting a gallon of milk. These statements, along with the opinions of Dr. Goldman and the vocational expert, supported the ALJ's conclusion that Heagney-O'Hara could perform light work in a seated position with frequent but not constant fingering, handling, and reaching. Heagney-O'Hara has failed to meet her burden of proving otherwise.

At step five, the burden shifts to the Commissioner to establish that the claimant can perform other gainful work available in the national economy. *Id.* The Commissioner ordinarily satisfies this burden by introducing the testimony of a vocational expert. *Id.* at 384. This was done here, and Heagney-O'Hara does not challenge that fact on appeal.

6

Accordingly, we find no error with the ALJ's analysis at either step four or step five of the sequential evaluation process.

We have considered Heagney-O'Hara's remaining arguments and conclude that they are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court