15-1042-cv
Friedman v. Self Help Community Services, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand sixteen.

PRESENT:  ROBERT D. SACK,
          REENA RAGGI,
          CHRISTOPHER F. DRONEY,
               *Circuit Judges.*
-------------------------------------------------------------------
ROBERT FRIEDMAN,
               *Plaintiff-Appellant*,

          v.                                                15-1042-cv

SELF HELP COMMUNITY SERVICES, INC., SUPERVISOR STEPHANIE HAIK, ELIZABETH SCHNEIDER, SVETLANA GITMAN, STEPHANIE ZYLBERBERG, MELISSA GARDONYI, UNITED JEWISH APPEAL, INC., UNITED JEWISH APPEAL FEDERATION OF NEW YORK, UNITED JEWISH APPEAL FEDERATION OF JEWISH PHILANTHROPIES OF NEW YORK, UNITED JEWISH APPEAL FEDERATION OF JEWISH PHILANTHROPIES OF NEW YORK CHARITABLE FUND, LLC, CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, RICHARD, NEW YORK CITY HUMAN RESOURCES ADMINISTRATION/ DEPARTMENT OF SOCIAL SERVICES, BRENDA PERRY, WILLIAM TAIWO, DENISE BUMBERRY, MORRIS FRIEDMAN, PHYLLIS FRIEDMAN, NEW YORK CITY DEPARTMENT OF HEALTH AND

HOSPITALS CORPORATION, CONEY ISLAND HOSPITAL RESEARCH INSTITUTE, INC., NURSE PRACTITIONER JOANNE ABRAMS, PSYCHIATRIC NURSE MARY SCHAFER, MD DEVITTE ELVERSON, PSCHOLOGIST LANCE WINSLOW, IDENTITIES UNKNOWN, Coney Island Hospital Psychiatric Ward, Doctors, Nurses and Staff On Duty 3/17/10, IDENTITIES UNKNOWN, Coney Island Hospital, Hospital ER Doctors, Nurses and Staff on Duty 3/17/10, IDENTITY UNKNOWN, Coney Island Hospital Psychiatric Ward, Intake Counselor on Duty 3/17/10, INDENTITIES UNKNOWN, 7 Unknown Police Officers and 2 NYC EMS from the 62nd Precinct,

*Defendants-Appellees*,

ISAAC LANDAU, SUPERIOR REALTY GROUP, LLC,

*Defendants*.

-------------------------------------------------------------------

| APPEARING FOR APPELLANT: | ROBERT FRIEDMAN, *pro se*, Columbus, Ohio. |
|---|---|
| FOR APPELLEES: | Elizabeth I. Freedman, Of Counsel, *on behalf of* Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York, *for* New York City Defendants-Appellees. |
| | Mark Hus, Law Offices of Mark Hus, Long Island City, New York, *for* Morris Friedman and Phyllis Friedman. |
| | Thomas A. Catalano, Lester Schwab Katz & Dwyer, LLP, New York, New York, *for* Self Help Community Services and United Jewish Appeal Defendants-Appellees. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*; Joan M. Azrack, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered March 27, 2015, is AFFIRMED.

Plaintiff Robert Friedman, proceeding pro se, appeals from the dismissal of his claims pursuant to 42 U.S.C. § 1983 and state law arising from his involuntary commitment at Coney Island Hospital Research Institute. We review a judgment of dismissal de novo, "accepting as true all factual claims in the complaint and drawing all reasonable inferences in the plaintiff's favor." Fink v. Time Warner Cable, 714 F.3d 739, 740–41 (2d Cir. 2013).[1] In so doing, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1. Waived Claims

Friedman identified 21 causes of action in his 133-page, 402-paragraph complaint, which the magistrate judge consolidated into 15 recognizable claims:

> Plaintiff asserts nine causes of action against both the Self Help defendants and the Friedmans: (1) procuring a false arrest, (2) malicious prosecution, (3) false imprisonment, (4) intentional infliction of emotional distress, (5) negligent infliction of emotional distress, (6) abuse of process, (7) negligence, (8) defamation, and (9) depriving plaintiff of equal protection of the law on the basis of his disability. In addition, plaintiff asserts an additional six causes of action against the Self Help defendants: (1) negligent hiring; (2) negligent supervision; (3) negligent retention; (4) respondeat superior; (5) violations of 42 U.S.C. § 12132; and (6) violations of [the

---

[1] Plaintiff has represented himself pro se throughout the trial and appellate litigation, but the operative complaint bears a lawyer's signature. Accordingly, like the district court, we construe his briefs liberally, see Wright v. C.I.R., 571 F.3d 215, 219 (2d Cir. 2009), but do not extend the same liberal construction to his pleadings.

3

Health Insurance Portability and Accountability Act ("HIPAA")], 29 U.S.C. § 1181 et seq.

See Report & Recommendation ("R&R") at 18, Friedman v. Self Help Cmty. Servs., No. 11-CV-3210 (NGG)(JMA) (E.D.N.Y. June 10, 2014), report and recommendation adopted, No. 11-CV-3210 (NGG)(JMA), 2015 WL 1246538 (E.D.N.Y. Mar. 17, 2015). The magistrate judge recommended dismissal of Friedman's complaint in its entirety both because his allegations of a conspiracy among family members, health providers, and public officials was so incredible as to be frivolous and because he failed, in any event, to state any plausible claims for relief. The magistrate judge instructed the parties to file any objections within fourteen days and explained that failure to do so would waive the right to appellate review of the district court's subsequent decision. Plaintiff filed general objections to the frivolousness determination but challenged the failure-to-state-a-claim recommendation only as to his claims for defamation and for intentional infliction of emotional distress. This waived further review of the plausibility of his other claims. See Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (holding that waiver rule applies to pro se plaintiffs where, as here, magistrate's report and recommendation "explicitly states that failure to object [timely] . . . will preclude appellate review").

Accordingly, because we agree that Friedman fails to state colorable claims for defamation or intentional infliction of emotional distress, we affirm the challenged judgment of dismissal on that ground without addressing the plausibility of his remaining claims or the frivolousness of his pleadings generally.[2]

2.      Failure To State a Claim

Under New York law, a plaintiff claiming intentional infliction of emotional distress must plead four elements: "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress."  Bender v. City of New York, 78 F.3d 787, 790 (2d Cir. 1996) (citing Howell v. N.Y. Post Co., 81 N.Y.2d 115, 121, 596 N.Y.S.2d 350, 353 (1993)).  The first element sets a high bar to relief, requiring "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society."  Turley v. ISG Lackawanna, Inc., 774 F.3d 140, 157 (2d Cir. 2014) (internal quotation marks omitted).

A plaintiff claiming defamation in New York must allege "that the defendant published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory per se or caused the plaintiff special harm, so long as the statement was not protected by privilege."  Chandok v. Klessig, 632

---

[2] We also do not address the district court's denial of Friedman's requests for leave to file a fourth amended complaint, a pre-motion conference, and oral argument, see Friedman v. Self Help Cmty. Servs., 2015 WL 1246538, at *6–7, as plaintiff does not challenge those decisions on appeal.   Nor need we address the district court's order directing the attorney who signed Friedman's complaints to show cause why he should not be sanctioned, as that order is not before us.   See Weitzman v. Stein, 897 F.2d 653, 657 (2d Cir. 1990) (holding order to show cause was not appealable final order).

F.3d 803, 814 (2d Cir. 2011). Because the allegedly defamatory statements here at issue were made to police officers, the district court correctly recognized that the statements were afforded a qualified privilege, requiring Friedman to plead malice or knowledge of or reckless disregard as to falsity. See Liberman v. Gelstein, 80 N.Y.2d 429, 437–38, 590 N.Y.S.2d 857, 862–63 (1992) (establishing qualified privilege standard); Toker v. Pollak, 44 N.Y.2d 211, 220, 405 N.Y.S.2d 1, 5 (1978) (recognizing application of qualified privilege to statements made to police officers).

The gravamen of both claims is that the Friedman family and the Self-Help defendants intentionally or knowingly provided false information to the police in order to have plaintiff arrested, prosecuted, and involuntarily confined to a mental institution.[3] As the magistrate judge reported, both claims founder on the failure plausibly to allege intentional, knowing, or reckless falsehood. See R&R at 22, 26. Medical records incorporated into the complaint[4] indicate that the statements at issue—that Friedman "was acting out, and abusing his elderly father"; "was acting out, and committing the very serious crime of abusing his elderly father"; or "was acting crazy, and committing the very

---

[3] Because these claims are not effectively an appeal from a subsequent court order of involuntary confinement, they are not barred by the Rooker-Feldman doctrine. See Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 88 (2d Cir. 2005) (requiring that plaintiff complain of injury caused by state court judgment "and not simply ratified, acquiesced in, or left unpunished by it" for Rooker-Feldman doctrine to apply).

[4] Plaintiff did not challenge in the district court and does not challenge on appeal the incorporation by reference of his medical records into the complaint. Nor has he challenged the fact (as opposed to the accuracy) of the diagnoses contained therein. Accordingly, any objection to the consideration of those documents is deemed waived. See Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

6

serious crime of abusing his elderly father," Revised Second Amended Complaint at ¶¶ 199, 212, 214, 217, 222, Friedman v. Self Help Cmty. Servs., No. 11-CV-3210 (NGG)(JMA) (E.D.N.Y. May 22, 2012), ECF No. 49—were likely motivated by a good-faith concern about Friedman's mental health and his elderly father's physical well-being. As the magistrate noted, plaintiff was independently diagnosed with "bipolar disorder with psychotic features" in part on the basis that he had "threatened to assault his father," and was involuntarily confined and medicated. See Declaration of Janice Casey Silverberg in Support of City Defendants' Motion To Dismiss, Exs. A, B, Friedman v. Self Help Cmty. Servs., No. 11-CV-3210 (NGG)(JMA) (E.D.N.Y. Oct. 22, 2012), ECF No. 69. While Friedman contends that this was a misdiagnosis, and that he in fact suffers from Tourette syndrome, the evidence incorporated from his own complaint nevertheless indicates that multiple persons independently considered him dangerous and in need of mental health treatment. In such circumstances, we cannot "draw the reasonable inference" that the Friedman family or the Self-Help defendants made the alleged statements with a proscribed mens rea. Ashcroft v. Iqbal, 556 U.S. 662, 681 (2009). Friedman's pleadings render it possible, but not plausible, that defendants intentionally, knowingly, or recklessly provided false information to the police. See id.; Biro v. Conde Nast, 807 F.3d 541, 544–46 (2d Cir. 2015) (applying Iqbal's pleading standard to mens rea requirement of New York defamation claim).

In sum, because Friedman has not plausibly alleged the requisite intentional, knowing, or reckless falsity as to the statements underlying his defamation and intentional infliction of emotional distress claims, we affirm the dismissal of those claims.

7

3.      Conclusion

We have considered all of Friedman's other arguments and conclude that they are

without merit.   Accordingly, we AFFIRM the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court